### OMAHA *v.* HAMMOND.

Where a contract, entered into by a city for the construction of certain public works, provides that they shall be completed under the supervision and to the satisfaction of an officer of the city, his action, in finally accepting them, is an announcement of his decision that the terms of the contract have been complied with, and is binding upon the city.

ERROR to the Circuit Court of the United States for the District of Nebraska.

The facts are stated in the opinion of the court.

Submitted on printed arguments by *Mr. S. A. Strickland* for the plaintiff in error, and by *Mr. E. Wakely* for the defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

The defendant in error, plaintiff below, sued the city of Omaha on a contract for the construction of two public wells in the streets of that city. The contract was in writing, and by its terms plaintiff was "to sink and construct two wells, . . . said wells to be circular, twelve feet in diameter, and to be curbed with a brick wall nine inches in thickness, and arched over in a secure and proper manner, the whole to be completed under the supervision and to the satisfaction of the chief engineer of the fire department of said city."

For this work the city was to pay plaintiff "one hundred dollars for each and every one thousand gallons of water which each of said wells shall be capable of producing, and shall produce, within twenty-four hours; the capacity of said wells to be tested by the chief engineer of the fire department of the city of Omaha aforesaid. And upon the report of said officer being made to the council of said city, showing that the wells

are completed and satisfactory, and also showing the amount of water that said well or wells will produce in twenty-four hours, the said party of the first part shall be entitled to and shall receive from the said party of the second part the said sum, to be paid in city warrants."

These extracts from the agreement are all that are necessary to the decision of the case.

The plaintiff proved the construction of the wells under the supervision of the engineer to his entire satisfaction, and his final acceptance of them. But it was also proved that, while the main part of the wells was sunk to the depth of twenty to twenty-three feet of the diameter of twelve feet, the brick curbing of nine inches in thickness, built inside the shaft so sunk, reduced this diameter to ten and a half feet, and that smaller shafts of four or five feet in diameter were sunk below the bottom of the main well to the depth of several feet. These two circumstances constitute the defence of the city.

As to both of them, we think the city is concluded by the action of its own officer, the engineer, who was also, by the terms of the contract, authorized by the parties to it to decide these questions.

It may be conceded that there is room for doubt, whether the wells were to be twelve feet in diameter after they were completed by the building of the curbing, or were to be twelve feet in diameter when the shaft was first sunk, and the nine inch curbing built inside was not to be taken into the account in ascertaining the diameter. The language, we think, rather favors the latter construction. But, if there is an ambiguity, it must be resolved in favor of plaintiff, because the officer of the city, under whose supervision the wells were built, must have adopted this construction, and authorized the plaintiff to build on that view of the contract, as the wells were necessarily built under his immediate supervision and control, and could only have been so built with his approval. Both parties, then, may be said to have adopted and acted on this construction, and are bound by it.

The same principle applies with added force to the smaller shafts sunk deeper than the main ones. There is absolutely nothing in the contract on this subject. The depth of the well,

the propriety of auxiliary shafts, or any other matter tending to increase the flow of water, were left absolutely to the engineer. The whole work was to be done under his supervision and to his satisfaction. It is proved that the depth of the main shaft was determined by him in reference to the length of the hose to be inserted in it. And the auxiliary shaft was also sunk under his direction and with his approval. The city cannot now complain that it was done as he directed.

The instructions of the court were in accord with these views, and they are not erroneous because the judge added to this action of the engineer, as binding the city, the further fact of their acceptance and use of the wells. Whether the fact had any significance or not, they were cetainly bound by the action of the engineer.

It was also of no consequence that the court refused to instruct the jury "that if the plaintiff did not construct said wells according to the terms of his contract, he cannot recover, even though the wells have been used by the authorities of the city," because, as to the only matters in dispute, the engineer had by the contract been constituted the arbiter, and had decided in the plaintiff's favor. ·   *Judgment affirmed.*