OGDEN et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 5, 1893.)

No. 75.

ACTION ON CONTRACT—CONCLUSIVENESS OF ENGINEER'S DECISION.

Where a contract for work to be done for the United States provides that "the decision of the engineer officer in charge as to quali.y and quantity shall be final, and he shall be the sole referee," a court will not disturb the decision of such officer in the absence of fraud or such gross error as would imply bad faith.

'Appeal from the Circuit Court of the United States for the East-ern District of Louisiana.

Suit by James N. Ogden and others against the United States to recover for work done under a contract to construct a levee. Plaintiffs were to be paid 28½ cents per cubic yard, and they had been paid in full, according to the estimate of the work made by Capt. Daniel C. Kingman, the engineer officer in charge of the work. They claimed, however, that they had done more work than that for which they had been paid. Defendant obtained judgment. Plaintiffs appeal.

J. R. Beckwith, for appellants.

F. B. Earhart, U. S. Atty.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. We affirm the judgment of the circuit court in this case. The defendant in the circuit court, the appellee here, is not an interested party in the sense in which those terms are used in judicial decisions. The work she proposed to have done was to be done not for any direct benefit to the government as a political corporation. She did not seek to drive a hard bargain with the appellants, or with others who might bid for the work. The proposals furnished all bidders with the means of fully acquainting themselves with the terms of the contract on which the work was to be done. A few extracts from the proposals show this:

"The contract which the bidder and guarantors promise to enter into shall be, in its general provisions, in the form adopted and in use by the engineer department of the army, blank forms of which can be inspected at this office, and will be furnished, if desired, to parties proposing to put in bids. Parties making bids are to be understood as accepting the terms and conditions contained in such form of contract."

"Bidders are requested to visit and inspect the location for levees before bidding for levee work."

"In case of any doubt or disagreement arising under these specifications, the decision of the United States engineer officer in charge shall be final, and he shall be the sole referee."

The specifications of the proposals were attached to the contract as a part of it. The form of contract referred to in the proposals contained this provision:

"All work done under this contract shall, before being accepted, be subject to a rigid inspection by an inspector appointed on the part of the government, and such as does not conform to the specifications set forth in this contract shall be rejected. The decision of the engineer officer in charge as to quality and quantity shall be final, and he shall be the sole referee."

In view of the object and character of the work to be done, and the state of the contracting parties, this provision of the contract is not a hard one. From the nature of the case, an impartial, competent referee, invested with conclusive discretion, was required. The appropriation was to be expended under the direction of the secretary of war. This particular work was in charge of a captain of engineers in the United States army. No referee

more accessible, competent, or impartial could be suggested than such officer should have been. In the absence of fraud, or such gross error or mistake as would imply bad faith, his decisions must be upheld as conclusive on the appellants. The proof does not show fraud or such gross mistake in the action of this referee. That a court acting on the testimony in the record might have decided differently from the referee in the matter of the appellants' claim does not warrant the setting aside the decision of the engineer in charge of the work. The circuit court so held, and its judgment is affirmed. Kihlberg v. U. S., 97 U. S. 398; Sweeney v. U. S., 109 U. S. 618, 3 Sup. Ct. 344; Railroad Co. v. March, 114 U. S. 549, 5 Sup. Ct. 1035; Railroad Co. v. Price, 138 U. S. 185, 11 Sup. Ct. 290.