### UNITED STATES v. MARSHALL et al.

### ILLINOIS SURETY CO. v. FEHER et al.

(Circuit Court of Appeals, Second Circuit. June 8, 1915.)

No. 265.

COURTS ⬨269—DISTRICT IN WHICH TO SUE—GOVERNMENT CONTRACT.

A statute providing that any person who has furnished labor or materials to the holder of a government construction contract may intervene in an action instituted by the United States on the bond of the contractor, and if no action is brought by the United States within six months such materialman may sue in the name of the United States in the district in which the contract was to be performed, and not elsewhere, does not require that an action by the United States against a contractor and his surety to recover the cost of completing a contract abandoned by defendant, wherein creditors intervene, shall be brought in the district wherein the contract was to be performed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 809; Dec. Dig. ⬨269.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here on appeal from a judgment of the District Court, Southern District of New York, in favor of various creditors

of Edward G. Marshall, contractor with the United States, against the Illinois Surety Company on a bond given by said contractor pursuant to the Act of February 24, 1905, chapter 778, 33 Stat. 811 (Comp. St. 1913, § 6923). The action was commenced at law by the United States against the contractor and the surety company on his bond. The complainant averred noncompletion of the work and abandonment by the contractor—also that the work was completed by the government at a cost which (including the sums paid to the contractor for the work he did) did not exceed the stipulated price. It asked judgment for $125 paid for inspection of the work done to complete the job. The creditors intervened. In conformity with our opinion (212 Fed. 136, 129 C. C. A. 584) the action was transferred to the equity side of the court and tried by Judge Learned Hand. His opinion will be found in 225 Fed. 687. Proof was offered in support of the claims of the intervening creditors.

Nelson L. Keach, of New York City (L. Laflin Kellogg and Alfred C. Pette, both of New York City, of counsel), for appellant.

William F. Kimber, of New York City (Francis E. Scott, of New York City, of counsel), for appellee Feher.

Charles Burstein, for appellee Eagle Column Co.

Harry E. Shirk, of Brooklyn, N. Y., for appellee Handler.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The work called for by the contract was the building of an extension to the hospital at Ft. Totten, which is located in the Eastern District of New York. It is contended that the District Court for the Southern District was without jurisdiction to entertain an action under the act of 1905, because the first section provides that suit shall be brought in the district in which the contract was to be performed and not elsewhere.

The section provides that any person who has furnished labor or materials for the prosecution of the work covered by the contract shall have the right to intervene and be made a "party to any action instituted by the United States on the bond of the contractor and to have their rights and claims adjudicated in such action * * * subject to priority of the claim and judgment of the United States. * * * If no suit should be brought by the United States within six months * * * then the person supplying the contractor with labor or materials shall [upon complying with certain prerequisites] be authorized to bring suit in the name of the United States * * * in the district in which said contract was to be performed and executed * * * and not elsewhere, for his or their use and benefit."

In our opinion there is much force in the suggestion that so much of the section as gives exclusive jurisdiction to the court in the district where the contract was to be performed applies only to an action instituted by the persons supplying labor and materials themselves in the name of the United States, and that when the United States itself

institutes any action under this statute on the bond of a contractor it may do so without being restricted to the district of performance by anything contained in the act. It is suggested that the decision in United States v. Congress Constitution Co., 222 U. S. 199, 32 Sup. Ct. 44, 56 L. Ed. 163, compels a contrary conclusion. But the opinion indicates an intention to confine the decision to the concrete case presented. It says:

"According to the declaration, the contract for the construction of the building had been satisfactorily performed, full payment therefor had been made to the contractor, the conditions of the bond had been breached only by his failure to pay designated subcontractors for labor and materials, * * * and the object sought to be attained was the adjudication and enforcement of those demands, unaccompanied by any pecuniary demand of the United States. Manifestly, therefore, the action, although brought by the United States, was essentially one in behalf of the subcontractors, and the respective interest of the United States and the subcontractors therein were in no wise different from what they would have been had the action been brought in the name of the United States by the subcontractors for the use and benefit of the latter."

Concluding the discussion, the court says:

"Considering the purpose of the statute, as manifested in these provisions, we think the restriction respecting the place of suit was intended to apply, and does apply, to all actions brought in the name of the United States for the purpose *only* of securing an adjudication and enforcement of demands for labor or materials, whether instituted by the United States or by the creditors themselves."

In the case cited there was no controversy between the United States and the contractor; in the case at bar there was one for $125 charged for inspection, and the only relief prayed for was a money judgment for that amount. Such a suit was rightly brought in the district of the residence of defendants.

Upon the other points advanced in argument we concur with Judge Hand, and do not think it necessary further to discuss them.

Decree affirmed.