## PENN BRIDGE CO. et al. v. KERSHAW COUNTY.

(Circuit Court of Appeals, Fourth Circuit. September 14, 1915.)

### No. 1338.

1. CONTRACTS ⚖═➤284—CONSTRUCTION CONTRACTS—INTERPRETATION.

Where a bridge contract provided that the engineers in charge should decide the true construction of the specifications and the guality of materials and workmanship, their decision was final, when made in good faith.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1292–1302, 1308–1310, 1312–1316, 1326–1338, 1340–1342, 1344–1346, 1350, 1351; Dec. Dig. ⚖═➤284.]

2. CONTRACTS ⚖═➤232, 303—NONPERFORMANCE—EXCUSE.

Performance of a contract is not excused, unless rendered impossible by act of God, the law, or the other party; and unforeseen difficulties are no excuse or ground for additional compensation.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1071–1094; 1409–1443; Dec. Dig. ⚖═➤232, 303.]

Cross-Appeals from the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. M. Smith, Judge.

Suit by the Penn Bridge Company and another against the County of Kershaw. From the decree, both parties appeal. Affirmed.

Thomas W. Davis, of Wilmington, N. C., and F. L. Willcox, of Florence, S. C. (Davis & Davis, of Wilmington, N. C., and Willcox & Willcox, of Florence, S. C., on the brief), for appellants and cross-appellees.

Thomas J. Kirkland, of Camden, S. C., for appellee and cross-appellant.

Before KNAPP and WOODS, Circuit Judges, and CONNOR, District Judge.

KNAPP, Circuit Judge. The above named appellants (plaintiffs below) built a bridge across the Wateree river near the city of Cam-

den, S. C., under a contract with the county of Kershaw dated March 25, 1909. This contract, generally speaking, appears to be similar to those under which such public works are usually constructed. It provided that the work covered by its terms should be finished on or before the 1st of November, 1909, and fixed liquidated damages for each day's delay beyond that time, except for specified reasons. The bridge was completed and accepted about the 20th of August, 1910, and defendant has paid the full amount certified to be due by the engineers in charge, whose decision was made final by the contract "as to the true construction and meaning of the drawings and specifications and as to the quality of all materials and workmanship."

[1, 2] On the theory that the engineers had been unfair to them and partial to the defendant to a degree amounting to fraud, the plaintiffs brought this suit to recover some thousands of dollars alleged to be justly due them under the contract for extra work done and materials furnished which the engineers refused to allow. The claims in question relate to (1) extra excavation; (2) extra timber; (3) increased cost resulting from change of location; and (4) amount chargeable for delay under the stipulated damage clause of the contract. In a decree which fully discusses the matters in dispute the trial court finds, as a conclusion of fact, that the charge of fraud on the part of the engineers has not been established, upholds in the main their construction of the contract and the rights of the parties thereunder and disallows substantially all the claims of the plaintiffs for additional compensation. A minor item of $250 is allowed, and the damages charged for delay reduced by 76½ days, amounting to $1,912.50. For these sums, with interest, the plaintiffs had judgment, and both parties appeal.

We see no occasion in this case for more than a statement of our conclusions. A careful study of the record and arguments of counsel fails to satisfy us that any reversible error was committed by the learned District Judge either in construing the terms of the contract or in deciding the controverted questions of fact. The opinion embodied in his decree contains a thorough review of the several claims, analyzes the evidence relating to each contention, and deduces conclusions which we think should be approved. Accepting the finding, which seems to us amply warranted, that the engineers acted in good faith, the contract itself gives such finality to their decisions as to leave little for the courts to determine. As was said by the Supreme Court in United States v. Gleason, 175 U. S. 588, 20 Sup. Ct. 228, 44 L. Ed. 284:

"While we are to determine the legal import of these provisions according to their own terms, it may be well to briefly recall certain well-settled rules in this branch of the law. One is that, if a party by his contract charge himself with an obligation possible to be performed, he must make it good, unless his performance is rendered impossible by the act of God, the law, or the other party. Difficulties, even if unforeseen, and however great, will not excuse him. If parties have made no provision for a dispensation, the rule of law gives none—nor, in such circumstances, can equity interpose."

If the conclusions reached by the court below, in which we feel constrained to concur, result in hardship and loss to the plaintiffs, as

is perhaps the case, it is in our opinion because they suffered from a series of untoward happenings, and not because they have been denied any relief which a court of equity may properly afford.

The decree is affirmed, but without costs of the appeal to either party as against the other.

Affirmed.