UNITED STATES, for Use of R. HAAS ELECTRIC & MFG. CO. et al., v. TITLE GUARANTY & SURETY CO. et al.

(Circuit Court of Appeals, Seventh Circuit. December 10, 1918.)

No. 2618.

1. UNITED STATES ⚖═➣67(3)—BONDS OF CONTRACTORS FOR PUBLIC WORKS— REMEDIES OF PERSONS FURNISHING LABOR OR MATERIALS—"FINAL SETTLE-MENT."

Where a public building had been completed, accepted, and occupied by the government, and the public works officer in charge had prepared a "final voucher," which, when certified by the contractor, was approved by the proper department officer, such approval constituted the "final settlement" of the contract, within the meaning of Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Settlement.]

2. UNITED STATES ⚖═➣67(3)—BONDS OF CONTRACTORS FOR PUBLIC WORKS— RIGHTS OF PERSONS FURNISHING LABOR OR MATERIALS.

There may be a final settlement between the government and a contractor for public work, which fixes the rights of creditors who furnished labor or materials under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), although full payment is not then made, and the balance may be subject to change.

3. UNITED STATES ⚖═➣67(3)—BONDS OF CONTRACTORS FOR PUBLIC WORKS— RIGHTS OF PERSONS FURNISHING LABOR OR MATERIALS.

Although final payment of a contractor for public work is by the terms of the contract to be determined by the Secretary of the Navy, the "final

⚖═➣For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

settlement," to fix the rights of creditors of the contractor under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), may be made by some other officer acting for the government.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the United States for the use of the R. Haas Electric & Manufacturing Company and others, against the Title Guaranty & Surety Company and others. From a judgment of dismissal, plaintiffs bring error. Reversed.

Almon W. Bulkley, of Chicago, Ill., counsel for plaintiffs in error.

Charles Y. Freeman, of Chicago, Ill., counsel for defendants in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Defendant in error executed its bond to the United States conditioned, among other things, that the contractor "shall promptly make payments to all persons supplying it labor and materials in the prosecution of the work" in constructing the main hospital building of the naval training station at Great Lakes. The R. Haas Electric & Manufacturing Company "and other parties similarly situated," for whose benefit this action was brought, were creditors of the contractor, Noel Construction Company, having furnished labor and material for which they had not been paid.

[1] Plaintiff alleged that more than six months had expired since the "completion and final settlement of the contract," which allegation was denied by defendant, and upon determination of this issue the decision turns.

The action was begun December 5, 1912. The building was "completed" January 16, 1912. Plaintiff asserts that a "final settlement" of the contract occurred on April 6, 1912. On this date the acting chief of the Bureau of Medicine and Surgery of the United States Navy approved what the civil engineer of the United States Navy termed the final voucher. In this letter bearing date March 29, 1912, the engineer wrote as follows:

Re Voucher #31.                                                   March 29, 1912.

Sirs: There is forwarded herewith final voucher, less the five per cent. reservation to be withheld for a period of one year, under contract M. & S. No. 1, for the construction of the hospital building at this station. This final voucher covers all additions and deductions under the contract.

It is requested that this voucher be signed in the usual manner, after the certificate "Certified correct and just, payment not received," and then returned to this office, as additional signatures from this office must be attached previous to transmittal to the department.

To this letter the construction company made reply on April 1, 1912, notifying the Public Works Office that the voucher had been executed and returned as requested. This voucher, No. 31, reached the De-

partment of the Navy and was approved on April 6, 1912, by the acting chief of the Bureau of Medicine and Surgery.

The summary of this final voucher was as follows:

| | |
|---|---:|
| Extension of items | $233,409.49 |
| Deductions | 222.71 |
| | $233,186.78 |
| Less 5 per cent. reservation to be withheld until January 16, 1913.. | 11,659.34 |
| | $221,527.44 |
| Less amount previously paid | 209,468.52 |
| Amount due | $ 12,058.92 |

Unless this voucher constitutes a final settlement, it is admitted the action was prematurely brought.

In determining whether a "final settlement" occurred on this date, we cannot overlook the plain purpose of the Act of August 13, 1894, c. 280, 28 Stat. 278, as amended by the Act of February 24, 1905, c. 778, 33 Stat. 811 (Comp. St. § 6923), which was to make more certain the payment of claimants furnishing labor or materials to the government contractors. The title of the original act reads:

"An act for the protection of persons furnishing materials and labor for the construction of public works."

And a part of the amended act reads:

"That hereafter any person * * * entering into a formal contract with the United States for the construction of any public building, * * * shall be required, before commencing such work, to execute the usual penal bond, * * * with the additional obligation that such contractor * * * shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work," etc.

It is apparent, therefore, that the purpose of the act and the object of the bond given in the present case was to secure to the plaintiffs in error and others similarly situated the prompt payment of their claims. Illinois Surety Co. v. John Davis Co., 244 U. S. 376, 37 Sup. Ct. 614, 61 L. Ed. 1206.

Three significant provisions of the act herewith numerically numbered are:

(1) "If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor * * * shall be, and are hereby, authorized to bring suit in the name of the United States * * * for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution."

(2) "Provided, that where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later."

(3) "And provided further, that where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later."

Claimants' embarrassment, if their present position be untenable, is obvious from a reading of provisions (1), (2), and (3). If no final settlement occurred on April 6, 1912, but did occur as claimed by defendant on December 30, 1912, then no action was maintainable until six months thereafter or until July, 1913. Such an action, however, would have been barred because of the second proviso, (3). For claimants must file their claims within one year of the completion of the work and not later. If suit could not be begun until June, 1913, as defendant contends, and the work was completed, as admitted by the parties, on January 16, 1912, it is apparent that no claims could have been filed within the period specified by the act.

Appreciating the object of the act, courts have given a construction to the term "final settlement" that is in harmony with its purpose. Robinson v. United States, 251 Fed. 461, —— C. C. A. ——; Illinois Surety Co. v. Peeler, 240 U. S. 214, 36 Sup. Ct. 321, 60 L. Ed. 609; United States v. Robinson, 214 Fed. 38, 130 C. C. A. 432; United States v. Illinois Surety Co., 226 Fed. 653, 141 C. C. A. 409; American Bonding Co. v. United States, 233 Fed. 364, 147 C. C. A. 300.

In the present case the building had been completed and the government had accepted the work and occupied the building prior to the date the final voucher was made out. The voucher was prepared by the public works officer who represented the government in the construction of the building. He termed his statement a "final voucher." Before sending it to the government he secured from the contractor a certificate of its correctness. It was then examined and approved by the acting chief of the bureau in charge of the construction.

Made under these circumstances, when the building was fully completed, accepted, and occupied by the government, at a time when the parties were concerned only in a final settlement of the contract, it is difficult to avoid the conclusion that the date of the approval of this voucher constituted the date from which the six months period ran.

[2] True, there was withheld, as is customary in most contracts of this character, five per cent. of the contract price for a period of one year from the date of the completion of the building. Obviously "final settlement," as that term is used in this statute, did not mean final payment. Illinois Surety Co. v. Peeler, supra. For otherwise the provision in reference to filing claims within one year would necessarily defeat the purpose of the act in all instances excepting only the creditor who first began suit.

It is contended, however, that subsequent to April 6th the government withheld payment of the balance shown by voucher 31 because the building was not completed within the time specified in the contract. There being no necessary connection between final settlement and final payment, this fact is not of much significance. There may be a final settlement between the government and the contractor so as to fix the rights of the creditor under this act notwithstanding the balance may be subject to change.

While there is room for legislative action in the way of an amendment to avoid the defeat of the purpose of the act through inability to give effect to provision (2) heretofore quoted because of the appli-

cation of provision (3) also quoted, we find no embarrassment in reaching our conclusion upon the facts in this case. We conclude that in cases where the government has clearly indicated that it has no claim against the surety, a final settlement within the purview of this act has taken place. Robinson v. United States, supra. The approval of the corrected voucher No. 31 in our opinion indicates a determination by government officers that the government was not a claimant to any part of the proceeds of the bond.

[3] Defendant, however, further contends that the approval of voucher No. 31 was not by a government official authorized to bind the government in the respect last indicated, and reference is made to various provisions of the contract to show that the Secretary of the Navy was alone authorized to make the final settlement.

Examination of the contract indicates that the public works officer, the official who prepared the voucher, was the supervisor of construction on the ground; that the commandant determined the amount of the payments as the work progressed, payments being made by the Navy Department based upon these monthly estimates, 10 per cent. being withheld, excepting, however, that before final payment was made a release to the United States executed by the contractor should be filed with the department. We have been unable to find any paragraph in the contract which lodged the exclusive authority to make final settlement with the Secretary of the Navy. Such references to him as appear are not inconsistent with the action of the chief of the bureau in charge of this construction work.

Even though the final payment as between contractor and the government was to be determined by the Secretary of the Navy, the "final settlement" as used in this statute might well be made by some other official acting for the government.

Under all the facts in this case, we conclude that a final settlement occurred April 6, 1912, and the action was therefore not prematurely brought.

The judgment is reversed, and cause remanded, with directions to proceed in accordance with the views expressed in this opinion.