## RIGHTS OF CONTRACTOR WHERE CERTIFICATE OF ARCHITECT HAS BEEN REFUSED FOR FULL AMOUNT.

Common Pleas Court of Cuyahoga County.

THE REAUGH CONSTRUCTION CO. v. AMANDA L. CORLETT.*

Decided, April 14, 1920.

*Building Contracts—Delays in Completion of Work—Contractor Claims Architect Acted Unfairly in Making Deductions—Question of Damage from Delay One For the Jury—Where Architect is not Made the Final Judge Contractor may Recover Without Architect's Certificate.*

A contractor agrees to complete, to the satisfaction of the architect, the reinforced concrete frame of a building within sixty-two working days or pay $50 per day for every day the work remains uncompleted thereafter. At the conclusion of the specified time the work is substantially completed, and, on entire completion, the architect gives his certificate for the entire balance due deducting, however, at the rate of $50 per day for three periods of delay to other contractors, caused, as he claims, by the work of the contractor in making certain alterations and corrections. The contractor refuses the certificate and sues for the entire balance due, claiming that no delays ensued for which he was responsible, and that the arcitect had unreasonably, willfully and capriciously made such deductions and withheld his certificate for the full amount. The owner took issue and filed a cross-petition for the entire period of delay at $50 per day. *Held:*

1. There being no proof of actual damage to the owner by reason of the failure of the contractor to perform strictly, the latter was entitled to recover, if at all, on his petition, the entire balance due with interest.

2. The contract providing that the work shall be completed to the satisfaction of the architect, and that final payment should be made only on production of his certificate that the work has been so completed, and containing no stipulation that the architect shall be the final judge or that his judgment should be final or conclusive, the contractor may recover the entire balance due him

*Affirmed by the Court of Appeals February 26, 1921; motion to require the Court of Appeals to certify its record in this case overruled by the Supreme Court June 2, 1921.

without the architect's certificate of satisfaction on a showing that in withholding or refusing such certificate, the architect acted arbitrarily, capriciously or unreasonably.(*Ashley* v. *Henahan*, 56 O. S., 559, 570 and *Wicker* v. *Messinger*, 22 C. C., 712 followed, and *Fred R. Jones Co.* v. *Fath et al*, 101 O. S., 142 distinguished.)

3. Whether the architect acted arbitrarily, capriciously or unreasonably in withholding or refusing a certificate for the full amount claimed by the contractor is an issue to be tried and determined by a jury.

*Boyd, Cannon, Brooks & Wickham*, for plaintiffs.

*Holding, Masten, Duncan & Leckie*, for defendant.

Kramef, J.

It is contended by counsel for defendants herein, in support of the defendant's motion for a new trial:

First. That the jury erred in returning a verdict for plaintiff for the full contract price, when, at the most, substantial performance of the contract only, has been proved.

The claim that the evidence does not show strict performance is doubtlessly well taken. Certain minor variations, at least, from the plans and specifications, appear in the work, from which it must be said that the jury could have found substantial performance only. The fact that the architect tendered a certificate which made no deductions for these defects, would not, of course, foreclose defendant from pressing them upon the trial, that certificate having been rejected.

The record, however, shows no evidence of damage accrueing to the defendant from plaintiff's failure to perform strictly. Under these circumstances, the court instructed the jury:

"There being no evidence in this case, gentlemen, to show any damage to the owner, by reason of the failure, if any there was, to build the building in strict compliance with the plans and specifications, the plaintiff is entitled to recover, if entitled to recover at all, upon his petition, the balance therein claimed, with interest from the date concerning which you have been heretofore instructed, namely, August 13, 1914, which is thirty days after the last work was done on the premises."

The finding of the jury upon the plaintiff's petition, in this regard, was in accordance with this instruction, and, in the opin-

ion of the court, there is no reason presented for disturbing the verdict, in this regard.

Second: That the verdict is not sustained by sufficient evidence, and is against the weight of the evidence.

The controversy in this case, as it appeared to be presented at the trial, was in respect to certain deductions made by the architect, under that clause of the contract which provides (Art. 6):

"The contractor shall complete the several portions, and the whole of the work comprehended in this agreement, by and at the time or times hereinafter stated, with the exception of the one-story portion, 100' 0" north from the Euclid avenue building lines  The party of the first part agrees to complete the reinforced concrete and structural steel work herein described, within sixty-two working days after possession can be obtained of that portion occupying 102' 3-4 of the Euclid avenue frontage by the depth to the extent of 100' 0", and to pay to the party of the second part the sum of $50 per day for each and every day the work remains unfinished, after the expiration of the time above specified. The party of the second part agrees to pay to the party of the first part the sum of $25 per day for every day the work is completed before that date.  The portion north of 100 feet from Euclid avenue is to be completed without delay after possession is obtained."

The deductions were for the number of days, at $50 per day, during which the architect claimed the building had been delayed by defective work of plaintiff, after the expiration of the time allowed in the contract for the plaintiff to complete its work.

The contention of the plaintiff is that the work was not defective in the respects claimed, and that, if there were any defect, there was no delay to the construction of the building by reason thereof.

The work of the plaintiff, by the provisions of the contract and specifications, was to be done to the satisfaction of the architect, and payments were to be made only upon his certificate.  No certificate for the amount claimed by the plaintiff and found due it by the jury having been issued, the plaintiff pleads that the architect "wrongfully, arbitrarily, capriciously and unreasonably and at defendant's request, refused  *  *  *  to issue a proper certificate."

At the request of the defendant, the court charged (No. 4) that there was no evidence to support the allegation that the certificate was withheld at the request of the owner, the defendant. The question then, is, whether the evidence supports the verdict that the certificate was arbitrarily, capriciously and un reasonably withheld?

The deductions made by the architect were for delay. caused, as he claims, in the setting of the terra cotta, due to the concrete walls erected by the plaintiff being out of plumb; delay caused to the plasterer by reason of the faulty construction of the floors and ceilings, and delay caused to the mason contractor in finishing the floors, due to their faulty construction, all of which delays the architect claims controlled the progress of the building.

The plaintiff, on the other hand, alleges that the difficulty in the setting of the terra cotta was caused by the fault of the mason contractor in starting his work inside the building line, and that this was known to the architect, and admitted by him to be the fact; that the plasterer was not delayed in the prosecution of his work, due to any faulty work of the plaintiff, and not at all during part of the time for which the deduction was made; that the controversy in relation to the finishing of the floors was due to the type of construction, which caused the heads of the pillars to project into the floors and not to any default of the plaintiff.

The record will show that competent evidence was offered upon both sides, to substantiate the claims made by each side, respectively. The court can not attempt, here, to review the evidence. There appears to be nothing in the testimony of the various witnesses, to require special comment, excepting this, that the evidence of the architect, is surprisingly indefinite, in substantiation of his deductions. In the instance of the plasterer, Mr. Taylor, himself, testifies that he started his work, and was not delayed thereafter, upon May 28th, while the architect deducts to June 16th. For his second deduction, for the second period of delay, caused by the interference of the terra cotta, charging the full amount to the plaintiff, he seems to offer practically no explanation.

There would seem to be no ground for the court to say that

the jury could not reasonably find that the facts were as plaintiff claimed them to be.

If it is the law, that it is for the jury to say, whether the certificate was arbitrarily, capriciously or unreasonably withheld, it would seem to the court that a finding that this certificate was so withheld, upon the facts, as alleged by the plaintiff, could not be negatived by the court.

Third: That the verdict is contrary to law.

The question as to the correctness of the law, as laid down by the court, is again raised in the supplemental brief of defendant; and in oral argument, and in briefs, in which both sides have exhaustively presented the question to the court.

The court has examined the authorities presented by both sides, and while it is not convinced that the interpretation of the law, as made by it at the trial, is not correct, the question is certainly not free from doubt.

The plaintiff herein, not having the certificate of the architect, as provided in the contract, excuses the production of the certificate, by pleading that it is arbitrarily, capriciously, and unreasonably withheld, and the court held and charged the jury, that if they found that the certificate was so withheld, the plaintiff might recover in this action.

It is the contention of the defendant that, in order for the plaintiff herein to recover, it is not sufficient for it to show that the architect's certificate was arbitrarily, capriciously or unreasonably withheld, but that it must show fraud, or palpable mistake, upon his part, in so withholding the certificate.

The plaintiff, at all times, during the trial, negatived any claim of fraud, so that, if the defendant is correct in his contention, there will be not only error of law in the case, but it would necessarily be found that the facts did not permit the plaintiff to recover.

The court has been cited certain authorities in which the contract contained the provision that the decision of the architect or engineer should be "final", or "conclusive," or "final and conclusive." The law appears to be well settled, and sustained by all of the authorities, apparently without exception, that in

such case, the plaintiff can not recover, without the certificate of the architect or engineer, without showing that the certificate is withheld through fraud or manifest or gross mistake.

The law in this regard is stated in 9 Corpus Juris, page 772, Section 115:

"The decision, estimate or certificate of an architect, engineer or superintendent, in proving or disapproving the work as a performance of a contract, or in passing on questions relating thereto, is, in the absence of fraud, bad faith, or mistake, conclusive and binding on the parties, where the contract, either in express terms, provides that it shall be final and conclusive, or in plain language, shows that it was the intention of the parties that the person to whom the question is submitted should be the final arbiter thereof."

In *Munday* v. *R. R.*, 67 Fed., 633, the contract, itself, provides that the decision of the engineer shall be conclusive, in the absence of fraud or mistake. The following cases, also cited by defendant, fall within this class: *Trust Co.* v. *Iron Works*, 166 Fed., 399; *Elliott* v. *Ry.*, 74 Fed., 707; *R. R. Co.* v. *March*, 114 U. S., 553; *Bridge Co.* v. *County*, 226 Fed., 728; *B. & O. R. R. Co.* v. *Stankard*, 56 O. S., 224, at 232.

To these cases might be added the case of *Fred R. Jones Co.* v. *Fath et al*, 101 O. S., 142), decided in January, of this year, by our Supreme Court, in which it is held:

"Where parties to a building or construction contract agree to abide by the decision of an engineer or architect, having oversight or supervision of such work, as to the amount, quality, acceptability and fitness of the several kinds of work which are to be done and paid for under such contract, the decision of the arbiter so designated is binding upon the parties, unless it be shown by clear and convincing evidence that such decision was based upon fraud, dishonesty or collusion."

The distinction between this class of cases and those in which no such clause appears, is made in Corpus Juris which follows the quotation above, with the statement (p. 774):

"Where the contract is to be performed to the satisfaction of the architect or engineer, who is to issue a certificate of ap-

proval, the refusal of the architect or engineer to approve the work is, unless he acts unreasonably, arbitrarily or fraudlently, binding on the contractor." ·

Inasmuch as there is no claim herein that there is any such provision in the contract here in question, applicable to the clause under which the achitect made his deduction, this class of cases should be differentiated out of the discussion of the law applicable to the case at bar.

When the contract is of the kind with which we are here concerned, the authorities appear to be in decided conflict. The case of *Bank* v. *Bridge Co.,* 183 Fed., 391, decided by the United States Court of Appeals for the Sixth District (Ohio), squarely sustains the position of the defendant. That case holds (quoting from the syllabus) :

"When a building contract requires the contractor to obtain the architect's acceptance of the building, as a condition precedent to his right to final payment therefor, he can not maintain an action to recover such payment without certificate, in the absence of fraud on the part of the architect, or of mistake so gross as to imply bad faith. It is not sufficient to show that it was withheld unreasonably and unfairly."

The court appears to recognize a difference between the state and federal rule, when it says (p. 394) :

"In our opinion, the· trial judge erred in holding that the architect's certificate could be dispensed with, if the jury were satisfied that it was 'unreasonably and unfairly' withheld. It is true that this instruction finds support in several decisions of the state court, cited in plaintiff's brief.

To the same effect as *Bank* v. *Bridge Co.,* are *Bryce* v. *Fidelity Co.,* 111 Fed., 142; *Hudson* v. *McCartney,* 33 Wis., 342; *Lynn* v. *Maryland,* 60 Md., 415.

Upon the other side, we find it held, in *Scully* v. *U. S.,* 197 Fed., 327 (syllabus 2) :

"While the decision of an arbiter to whom the question of the performance of a contract is committed by its terms, is binding on the parties in the absence of fraud, mistake or negligence so

great as to be equivalent to bad faith, it is not necessary that there should be actual fraud or intentional wrong, to entitle the contractor to maintain an action to recover for his work, notwithstanding the refusal of the arbiter to approve the same, but it is enough if such refusal was arbitrarily, unreasonable, or unjust."

Again, in *Elizabeth* v. *Fitzgerald,* 114 Fed., 547, quoting from the syllabus, it is said:

"The question whether a contractor * * * had performed the work in substantial compliance with the contract. and whether the refusal of the city's officers to certify that it had been so done, and to approve the same, was unreasonable, are questions of fact, and, where material, and the evidence is conflicting, are proper questions for submission to the jury."

*Grain Elevator Co.* v. *Clark,* 80 Fed., 705; *Bird* v. *St. John's Episcopal Church,* 154 Ind., 138; *Pittsburg Lumber Co.* v. *Sharp,* 190 Pa., 256; *Thomas* v. *Stewart,* 132 N. Y., 580, are generally to the same effect.

With the authorities so conflicting, any utterance of our state courts must be given considederable weight. In *Ashley* v. *Henahan,* 56 O. S., 559, the plaintiff did not have the certificate of the architect, and made no claim that the certificate was, for any reason, refused. The holding of the court was, that upon such state of facts, the plaintiff could not recover. By way of *obiter dictum,* the court, at page 570. says:

"Had the plaintiff shown that he had made application to to the architect for the requisite certificate, and that he had obstinately and unreasonably refused to certify, he might then have established his case by other evidence."

And, on the same page:

"He (the contractor) might. however, as suggested above, on an averment. supported by evidence, that the architect had fraudulently or unreasonably refused his certificate, recover by showing a substantial performance of the work, as required by the contract. but in the absence of such a showing against the architect, a recovery can not be had without his certificate."

In *Wicker* v. *Messinger*. 22 C. C., 712, the court in construing *Ashley* v. *Hanahan,* at. page 721, says:

"  *  *  *   that, although the finding is that the ground the architects stood upon was, that they were *not* satisfied with the work, and that was their reason for withholding the certificates, yet, that is consistent with the determination, upon the part of the jury, that this view, which the architects entertained, was not justified by the facts, and that the refusal to give a certificate was unreasonable; and, as is said by the Supreme Court, in *Ashley* v. *Henahan, supra,* if the architect was unreasonable in refusing his certificate, the plaintiff may recover by showing a substantial performance of the work, as required by the contract."

It appears to the court that these statements of the law by the Supreme Court, and one of the circuit courts of this state, indicate that Ohio will follow the law as laid down by that line of authorities, which hold that, if the certificate of the architect is capriciously, arbitrarily or unreasonably withheld, the contractor may recover, and that whether the certificate is so withheld, when such allegation is supported by competent evidence, is a question for the jury.

The court is, therefore, of the opinion that the motion of the defendant for a new trial should be overruled. To which ruling the exception of the defendant is noted.