## ANTRIM LUMBER CO. v. HANNAN et al.*

Circuit Court of Appeals, Eighth Circuit.
March 25, 1927.

No. 7427.

1. **United States ⬧67(3)—"Final settlement" of contract, within federal statute, limiting time for action on contractor's bond, is appropriate administrative determination of amount due (Comp. St. 6923).**

"Final settlement" of contract for construction of annex to government school building, within Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), limiting time for action on contractor's bond, is appropriate administrative determination of amount due, as indicated by some public record or official act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Settlement.]

2. **United States ⬧67(3)—Statute limiting time for action on contractor's bond held not limitation on United States (Comp. St. § 6923).**

Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), limiting time for action on bond of contractor entering into agreement with United States for construction of public buildings, does not constitute limitation on United States.

3. **United States ⬧67(3)—Compliance with statute limiting time for action on contractor's bond held essential to assertion of rights conferred (Comp. St. § 6923).**

Compliance with Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), limiting time for action on bond of contractor entering into formal agreement with United States for construction of public buildings, is essential to assertions of rights conferred, since act creates new liabilities and rights, and limitations specified are integral parts thereof.

4. **United States ⬧67(3)—One furnishing material to contractor building annex to government school building cannot assert claim by intervening in government's suit on contractor's bond more than year after completion of work (Comp. St. § 6923).**

One furnishing material to contractor building annex to government school building *held* not entitled to assert claim by intervening in suit of United States, which does not depend on statute, on contractor's bond, more than year after completion of work, since Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), limits its right of action to one year.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by the United States against Fred B. Hannan, in which the Antrim Lumber Company, by leave of court, intervened. The petitions of the United States and the intervener were dismissed, and the intervener brings error. Judgment affirmed.

*Rehearing denied May 31, 1927.

Owen Black and Charles C. Black, both of Lawton, Okl., for plaintiff in error.

W. C. Stevens and J. H. Cline, both of Lawton, Okl., for defendants in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SYMES, District Judge.

SYMES, District Judge. The United States filed its petition on August 13, 1923, in the District Court for the Western District of Oklahoma, alleging it had entered into a contract with Fred B. Hannan, the defendant here and below, for the construction of an annex to a government school building at the Ft. Sill Indian School; further, that the said Hannan, as principal, and the defendants Robertson and McLennan, as sureties, had obligated themselves for the faithful performance of the contract in all respects, including the payment of all persons supplying labor or materials in the prosecution of the work in accordance with the Act of August 13, 1894, as amended by the Act of February 24, 1905, c. 778 (33 Stat. 811 [Comp. St. § 6923]). It alleged next that Hannan was long delinquent in the date of the completion of the work, by reason of which there became due to the government, at the rate of $6 per day for each day of such delinquency, the sum of $1,870 as liquidated damages.

On October 15, 1923, the Antrim Lumber Company by leave of court intervened, and by its amended petition set up that between September 9, 1918, and September 30, 1919, it furnished certain materials used in the construction of the building, to the value of $625.10, and asked judgment for that amount, with interest, subject to the prior claim of the United States.

The defendant Hannan, to this petition in intervention, pleaded a general denial, and, further, that the intervener was not entitled to maintain its petition, as suit was not commenced until August 13, 1923, as aforesaid, and that the performance and final settlement of said contract, as provided for by the act referred to, occurred on September 13, 1921, and not thereafter, so that the alleged cause of action of the intervener, if any, as well as of the United States, was barred by the limitation of time in which said action was entitled to be prosecuted. The other defendants, the sureties, adopted this answer as their own. The intervener replied by a general denial.

The material facts were not disputed, and the case was tried to the court, which held that the defendant was not indebted to the United States in any amount under the bond,

but that there was due the said Fred B. Hannan from the government the sum of $638; that the settlement had occurred at least as early as December 30, 1920, when the Commissioner of Indian Affairs had demanded of Hannan the payment of $1,870 as the amount due the government, and that 2 years and nearly 8 months had elapsed between that date and the institution of the suit.

The court, however, held that the suit of the United States was not prematurely brought, as its right of action was not founded on the statute, but that the materialmen were barred by the terms of the statute, and accordingly dismissed the petitions of the United States and the intervener. The latter brings the case here, the United States not appealing.

[1] The errors assigned are: That the court erred in deciding that there has been a final settlement of the contract within the meaning of the Act of August 13, 1894, as amended by the Act of February 24, 1905 (33 Stat. 811 [Comp. St. § 6923]); and error in holding that the Antrim Lumber Company was not entitled to intervene.

The act in question, which we are required in part to interpret, provides substantially that all contractors entering into a formal agreement with the United States for the construction of public buildings, etc., shall give the usual penal bond, with the additional obligation that the contractor shall promptly make payments to all persons supplying him with labor and materials, who shall have the right to intervene, and have their rights and claims adjudicated, in any action instituted by the United States on the bond, subject to the prior claim and judgment of the United States. If no suit is brought by the government within six months from the *completion* and *final settlement* of said contract, then such person supplying labor or materials to the contractor may obtain a copy of the contract, and bring his own action in the name of the United States upon the bond in the federal court for the district in which the contract was to be performed, "provided that, where suit is instituted by any of such creditors on the bond of the contractor, it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later," and further that, where a suit is so instituted by a creditor or creditors, only one action shall be brought, in which any creditor may file his claim and be made a party thereto within one year from the completion

of the work under the contract, and not later. There are other provisions not material to this discussion.

The principal question is: When did a final settlement, as defined in this statute, take place? Plaintiff in error argues that there was no final settlement of the contract as such until the conclusion of this trial in the lower court and the failure of the United States to appeal, as up to that time the United States had never released its claim against the bond; that the expression "final settlement," as here used, means the time when the United States, through its proper officials, indicates a decision not to sue on the bond—citing U. S. v. Robinson (C. C. A.) 214 F. 38 (Second Circuit), and other cases.

The matter, however, is authoritatively settled in Illinois Surety Co. v. U. S., 240 U. S. 214, 36 S. Ct. 321, 60 L. Ed. 609. In that case the building in question was completed, and on the 21st of August, 1912, the Treasury Department "stated and determined the final balance" to be paid was the sum of $3,999.01, and so notified the contractor. On August 26, 1912, a voucher was prepared for this amount and accepted by the contractor, and on September 11, 1912, a check for that sum was delivered and cashed by him. The Supreme Court held that "final settlement" of a contractor's account, within this act, is not when the final payment is made, but is the final administrative determination by the proper authority of the amount due, and that therefore the suit which was brought by the subcontractor against the surety, six months after the date of such determination, but within six months after the payment, was not prematurely brought; the United States not having meanwhile brought an action. The opinion points out that Congress must have used the words "final settlement" advisedly, instead of "final payment"; that the former, when used in connection with a public transaction and account, connotes an administrative determination of the amount due, and that such has been the interpretation put upon the word "settlement" by the Treasury Department from the very beginning; in other words, that it means an appropriate administrative determination of the amount which the government is finally bound to pay, or entitled to receive, as indicated by some public record or official act, and it does not depend, nor can the time be put off by a refusal to agree.

Likewise, in U. S. v. Title G. & S. Co. (C. C. A.) 254 F. 958, it was held that there might be a final settlement between the gov-

ernment and the contractor, which would fix the rights of creditors furnishing labor or material, although full payment is not then made, and the balance may be subject to change. Even in the Robinson Case, supra, the court held that final settlement occurred when the supervising architect, or the Treasury Department, by letter, approved a final settlement, even though a part of the contract price was reserved to insure the completion of certain unfinished work, because it was then evident that the United States was satisfied that the performance of the contract by the contractor had been substantially sufficient to discharge the surety as to it. Therefore, as the opinion states, there is no merit in the contention that the subcontractor must or can wait to begin his suit until all disputes as to the completion are finally settled.

[2] The statute does not constitute a limitation on the United States. U. S. v. Marshall (D. C.) 225 F. 687, affirmed (C. C. A.) 225 F. 760. But the intervener is not in so fortunate a position, its cause of action being purely statutory.

[3] The act creates new liabilities and rights, and the limitations specified are integral parts thereof. It necessarily follows that compliance therewith is essential to the assertions of the rights conferred. Texas Cement Co. v. McCord, 233 U. S. 157, 34 S. Ct. 550, 58 L. Ed. 893.

[4] While it may not be clearly or accurately expressed, we think it the intent of the statute to limit this right of action on the part of materialmen to one year from the completion of the work. It would obviously defeat this purpose if a lienor were permitted to obtain the benefits thereof long after the time limited by the statute has expired, by intervening in a suit of the United States which, as shown, does not necessarily depend upon the statute. Texas Cement Co. v. McCord, supra.

In the case at bar the building was not completed until May 10, 1920. On December 30, 1920, the Commissioner of Indian Affairs formally advised the contractor, Hannan, that his claim of $3,506 had been disallowed by the auditor, and formal demand was made upon Hannan for the payment of $1,870, being the difference between the above amount and the claim of the government of $5,376, accruing as liquidated damages at the rate of $6 a day, due to the contractor's alleged delinquency of 896 days in completing the work. The intervener, by not bringing his suit, or intervening, within the next six months after the expiration of the first six months from December 30, 1920, had no right of action.

For these reasons, the judgment should be affirmed; and it is so ordered.