820

**CITY OF LEXINGTON et al. v. PRATT.**

Circuit Court of Appeals, Fourth Circuit.
April 9, 1929.

No. 2755.

George Bell Timmerman, of Lexington, S. C. (Timmerman & Graham, of Lexington, S. C., on the brief), for appellants.

W. M. Shand, of Columbia, S. C. (Benet, Shand & McGowan, of Columbia, S. C., on the brief), for appellee.

Before PARKER, Circuit Judge, and McDOWELL and MEEKINS, District Judges.

PARKER, Circuit Judge. This was an action instituted by W. O. Pratt against the city of Lexington, S. C., to recover the balance due under a contract for the construction of a water purification plant. The complaint alleged the execution of the contract, the performance of the work, and the issuance of a certificate of completion by the engineer of the city. The answer alleged that the work had not been completed and that there were certain defects therein which it was the duty of the plaintiff to repair. On the trial defendant was allowed to amend its answer so as to allege also damages due to delay in the completion of the work. At the conclusion of the testimony verdict was directed for the plaintiff, and from judgment thereon defendant has appealed. We shall refer to the parties in accordance with the positions which they occupied in the court below.

The contract provided that plaintiff should do the work as set forth in the plans and specifications in good, workmanlike manner "subject to the direction of the engineers, their assistants, or inspectors duly appointed by the Board of the above mentioned city to design and superintend the work, and subject to the acceptance of said work by said engineers and the approval thereof by the official Board of said city"; and that upon the completion and acceptance of the work, the engineer should proceed with due diligence to measure up the work and materials, and present his final estimate to the city, whereupon the city should pay such amount, less payments previously made, within 30 days thereafter. It provided, also, that the plaintiff upon being so directed by the engineer should remove, rebuild, or make good at his own expense any work which might be defectively executed. It contained a guaranty by the contractor that the workmanship and materials should be first class in every particular, and that, should defects or imperfections result within one year of the completion of the work due to defective workmanship or materials, he would repair same within 30 days after notification by the engineer. It contained, also, the following provision: "It is agreed by and between the

parties of this contract that the engineer shall be the referee in all questions which may arise between them concerning the amount, quality, acceptability and fitness of the work, the classification of materials, in accordance with the specifications and the determining of costs, that his estimate and decisions shall be final and conclusive, and that such estimate or decision, in case any question shall arise shall be a condition precedent to the right of the contractor to receive any money under this agreement."

The contract was executed December 7, 1925, and provided for completion of the work in 125 days, with provision that the time might be extended by the engineer "and ratified by the city" to such time as he might deem sufficient and reasonable. Delay was occasioned in the beginning by reason of the defendant's not having obtained title to the lot upon which the reservoir was to be constructed, but the work was completed in June except for the testing, which was delayed through failure of the city to receive certain transformers which were necessary for this purpose and which it had agreed to furnish. The testing was completed in July, however, and it was found that there was a little more leakage in the pure water reservoir than had been anticipated, and some controversy arose as to whether the work complied with the contract. The engineer found that it had been done properly and in accordance with the contract and gave plaintiff a certificate of completion addressed to defendant, as follows:

"Beg to advise that we have made final inspection in connection with water filtration plant constructed by W. O. Pratt, under contract dated November 24, 1925.

"We found this work complies with his contract and recommend payment in accordance with section 137 of the specifications, and in accordance with final estimate dated June 25, 1926. From this estimate should be deducted $144.00, which is a credit on account of face brick and also the cost of a 50-foot fire hose which should be supplied at the plant.

"The leakage in the clear water reservoir is in excess of what we anticipated, and though it is questionable whether or not this leakage is serious, we further recommend that after this reservoir has been under pressure for sometime that an additional test be made. If this leakage is not materially decreased by that time, we recommend that W. O. Pratt investigate this and make any repairs that will be necessary to reduce this leakage to a satisfactory point, and he has been notified accordingly.

"In the meantime we recommend that the town retain $500.00 until this has been done.

"The contract of W. O. Pratt carries a one year guarantee against defective workmanship and materials and should any defects be discovered which causes additional expense within this period, please call these to our attention."

Accompanying this certificate was a final estimate under date of June 25th, showing a balance due the contractor of $8,919.52.

Defendant offered evidence of defects in the work and of expenditures incurred in making repairs, all of which was excluded by the court and forms the basis of a group of defendant's exceptions. There was neither allegation nor proof, however, that there was mistake or fraud in the issuance of the engineer's certificate or that there was notice by the engineer to plaintiff to make repairs as provided by contract. In directing verdict for plaintiff, the court deducted from the balance due under the contract the items recommended by the engineer, including the $500 which defendant was to retain; and verdict was rendered in accordance with the certificate.

█ The important question in the case is as to the effect of the engineer's certificate. If it was final and conclusive, evidence to contradict it was properly excluded; if it was not, evidence as to defects should have been received and submitted to the jury. We think that, not having been attacked for fraud or mistake, it was conclusive, and that the trial judge properly directed a verdict for plaintiff thereon. The rule is well settled in the federal courts that, where parties to a construction contract provide, as in this case, that the estimates and decisions of an architect or engineer as to questions arising in the execution of the contract shall be final and conclusive, such estimates and decisions have the effect of the award of an arbitrator. In the absence of fraud or such gross mistakes as imply bad faith or failure to exercise an honest judgment, they are conclusive and binding upon the parties. U. S. v. Gleason, 175 U. S. 588, 20 S. Ct. 228, 44 L. Ed. 284; Chicago S. F. & C. R. Co. v. Price, 138 U. S. 185, 11 S. Ct. 290, 34 L. Ed. 917; Martinsburg & P. R. Co. v. March, 114 U. S. 549, 5 S. Ct. 1035, 29 L. Ed. 255; Omaha v. Hammond, 94 U. S. 98, 24 L. Ed. 70; Penn Bridge Co. v. Kershaw County (C. C. A. 4th) 226 F. 728; Cook v. Foley (C. C. A. 8th) 152 F. 41, 51; Elliott v. Missouri,

K. & T. R. Co. (C. C. A. 8th) 74 F. 707; Ogden v. U. S. (C. C. A. 5th) 60 F. 725. And this is also the general rule. 9 C. J. 772 and cases cited; note 56 Am. St. Rep. 314 et seq.

Defendant, in addition to contesting generally the binding force of the certificate, makes two special contentions: First, that under the contract it was necessary that the work be approved by the official board of the city as well as accepted by the engineer; and, second, that the certificate is not final because it provides for the deduction of the credit for the face brick and fire hose and the retaining of $500 to provide for repairs in case leaks should be discovered upon an additional test. Both contentions are without merit. As to the first, it is clearly not the meaning of the contract that the city board shall pass upon the quality, acceptability and fitness of the work, when it contains an express provision that the engineer shall be the referee in all questions which may arise concerning these matters. As to the second, his certificate clearly approved the work done and accepted it, and the only matter left open was the repair of minor defects under the one-year guaranty, if after use and upon further test it should be discovered that such defects existed. This did not detract from the final character of the certificate. In U. S. v. Starr (C. C. A. 4th) 20 F.(2d) 803, and U. S. v. Title Guaranty & Surety Co. (C. C. A. 7th) 254 F. 958, which arose under the Hurd Act (40 USCA § 270), it was held that there was a "final settlement" within the meaning of the act, where there was an official determination of the amount due under a government construction contract, notwithstanding that the balance found due thereunder might be subject to minor changes. When it is remembered that the "final settlement" within the meaning of the Hurd Act corresponds to the engineer's certificate under a contract such as we have here, these cases are seen to be directly in point. It is clear that the right to recover a substantial balance due under a contract ought not be and is not defeated because the supervising engineer recommends the holding back of a small amount to cover minor defects which may develop.

The other points raised by the exceptions do not require discussion. The matter of allowing further amendment of the answer was a matter in the discretion of the trial judge. There was no substantial evidence of any delay except that resulting from the fault of the defendant, and no question with regard thereto is shown by the evidence to have been raised in the discussions between the contractor and the members of the city board. If there had been such question, it would have been a matter for reference to the engineer, and his certificate provides no allowance therefor. The argument is made in the brief of defendant's counsel that the right to claim damages notwithstanding the certificate of the engineer is reserved to defendant because of the guaranty of the contractor; but this guaranty was that he would repair all defects whenever notified by the city through the engineer. There is no evidence that such notice was ever given him.

There was no error, and the judgment of the District Court is affirmed.

Affirmed.