## IN RE THE PROVIDENCE VOTERS.

In the following clause of the Constitution of Rhode Island, article ii. section 2,

" *Provided*, that no person shall at any time be allowed to vote in the election of the city council of the city of Providence, or upon any proposition to impose a tax, or for the expenditure of money in any town or city, unless he shall within the year next preceding have paid a tax assessed upon his property therein, valued at least at one hundred and thirty-four dollars : "

The words " within the year next preceding " denote the twelve months next previous to the election, not the calendar year preceding. Hence the tax which qualifies voters for the municipal election in November, in the city of Providence, is the tax paid in the October before it, not the tax paid in the October of the previous year.

THE following resolution was adopted by the Senate of the State of Rhode Island, March 31, 1882 :

" *Whereas*, Section 2 of article ii. of the Constitution contains a provision in the words following, to wit : " *Provided*, that no person shall at any time be allowed to vote in the election of the city council of the city of Providence, or upon any proposition to impose a tax, or for the expenditure of money in any town or city, unless he shall within the year next preceding have paid a tax assessed upon his property therein, valued at least at one hundred and thirty-four dollars ; " and

" *Whereas*, Under said provision it has been the custom of the boards of canvassers in the city of Providence, in making up the lists of persons qualified to vote for members of the city council, to place on said lists the names of such persons only as had within the calendar year next preceding paid a tax assessed upon the property, in said city, of such person of the value as fixed in the Constitution as aforesaid ; and

" *Whereas*, By chapter 311 of the Public Laws, passed at the

January session, 1873, the time of holding the municipal election in said city was changed from the second Wednesday in May to the second Wednesday in November of each year; and by chapter 574 of the Public Laws, passed at the May session, 1876, was again changed from the second Wednesday in November to the fourth Tuesday in November in each year, on which last named day the said election has since been held; and

"*Whereas*, For many years prior to the year 1878 the annual tax of said city was made payable, by order of the city council, in the month of November, between about the tenth and thirtieth days of said month; and

"*Whereas*, In said year, 1878, the city council changed the time of collecting said annual tax, and directed that the same should be collected in the month of October, and between the tenth and twenty-seventh days thereof, and said tax has since said year, 1878, been collected in said month of October in each year; and

"*Whereas*, Although the date of collecting the annual tax has been changed as aforesaid from the month of November to the month of October, and is now collected one month prior to and preceding the date of the election of members of the city council in said city, being " within the year next preceding " the time of voting, no change has been made by the boards of canvassers in the manner of making out the voting lists for said elections of members of the city council, but said boards of canvassers still place upon said lists the names of such persons only as have paid the tax assessed in the calendar year next preceding; and

"*Whereas*, By the action of said boards of canvassers, citizens of said city who were taxed for real or personal estate in said city in the year 1881, and who paid said tax in the month of October of said year, were denied the right of voting in the month of November for members of the city council who were to expend the tax so collected, and the names of persons who had ceased to be property holders in said city, and who did not pay any tax in said city on either real or personal estate therein during said month of October, 1881, were placed upon the voting lists in said city, and were permitted to vote for members of the city council on said fourth Tuesday of November, 1881.   Therefore,

" *Resolved*, In accordance with section 3 of article x. of the Constitution, that the Honorable the Judges of ·the Supreme Court be requested to give to the Senate their written opinion upon the proper construction to be given to that provision of the Constitution above recited, relating to the election of members of the city council in the city of Providence, and whether the tax therein referred to is the tax payable in said city in the month of October of the same year and preceding the date of the municipal election, or whether it is the tax payable in the month of October of the preceding calendar year, and thirteen months prior to the day of voting for said members of the city council in said city."

<div align="center">OPINION OF THE COURT.</div>

<div align="center">*April* 11, 1882.</div>

*To the Honorable the Senate of the State of Rhode Island and Providence Plantations :*

We have received from your Honors a resolution requesting our written opinion on a question of construction arising under the proviso in section 2 of article ii. of the Constitution. The section begins by prescribing the qualifications which shall give the right to vote during the first year after the adoption of the Constitution, and then proceeds as follows, to wit : " From and after that time every such citizen who has had the residence herein required, and whose name shall be registered in the town where he resides, on or before the last day of December, in the year next preceding the time of his voting, and who shall show by legal proof that he has, *for and within the year next preceding* the time he shall offer to vote, paid a tax or taxes assessed against him in any town or city in this State, to the amount of one dollar, or that he has been enrolled in a military company in this State, been equipped and done duty therein according to law, and at least for one day during such year, shall have a right to vote in the election of all civil officers and on all questions, in all legally organized town or ward meetings : *Provided*, that no person shall at any time be allowed to vote in the election of the city council of the city of Providence, or upon any proposition

to impose a tax, or for the expenditure of money, in any town or city, unless he shall *within the year next preceding* have paid a tax assessed upon his property therein, valued at least at one hundred and thirty-four dollars."

The question which we understand your Honors propound to us in effect is: Does the phrase "in the year next preceding," contained in the proviso, mean in the calendar year next preceding, or in the year in the sense of the twelve months next preceding. In replying to the question, we invite your Honors to remark that the same phrase occurs previously in the same section. We are of the opinion that the construction given to the phrase where it first occurs is the construction to be given to it as used in the proviso, for we can discover no reason for any distinction. The meaning of the phrase as used where it first occurs early became matter of legislative or political controversy. Down to eighteen hundred and fifty-one, the construction prevailed that the year intended was the calendar year, and accordingly the citizen, in order to vote, was obliged by statute to pay his qualifying tax on or before the last day of the preceding calendar year. This construction was not received with satisfaction, and, in 1851, the statute was changed so as to allow the qualifying tax to be paid down to within three days of the day of voting. Since this alteration, for more than thirty years now, the statute, though it has passed through three general revisions, has remained substantially unchanged. The construction, therefore, that the year intended is not the preceding calendar year, but only the preceding twelve months, must be regarded as established. There is in fact, if we consider merely the letter of the Constitution, no decisive reason for preferring either construction to the other, and therefore it seems no more than fair to presume, in favor of the elective right, that the more liberal construction was intended. But, as we have said, the construction which is given to the phrase where it first occurs is the construction to be given to it in the proviso, there being no reason for any distinction. It may be suggested that if the first phrase has had a long legislative, the second has had a longer municipal, construction. We think, however, that the construction adopted by the canvassers of a single town or city, for there is no statement that

it has been generally adopted, is not, as authority, to be compared with a legislative construction accepted with scarcely a ripple of disapproval by the entire voting population of the State.   The phrase where it first occurs is preceded by words which make it clear that the tax *for* the year is the tax which is to be paid *within* the year, the language being "for and within the year." In the proviso the language is simply "within the year," the words "for and" being omitted.   The General Assembly, however, have in their legislation always construed the proviso as if the words were there, and we see no reason to doubt that their construction is according to the true intent of the Constitution. To answer the question which has been put to us, therefore, according to the form in which it has been put to us, as well as according to its effect, we ·have to say that our opinion is that, in the city of Providence, the qualifying tax for the municipal election in November is the tax which is payable in the preceding month of October, and not the tax which is payable in the month of October of the preceding calendar year.

<div style="text-align: right;">

THOMAS DURFEE,
CHARLES MATTESON,
JOHN H. STINESS,
P. E. TILLINGHAST.   .