**UNITED STATES, for Use and Benefit of TOBIN QUARRIES, Inc., v. GLASS-COCK et al.**

No. 140.

District Court, E. D. Missouri, E. D.

May 5, 1939.

Roy W. Crimm, of Kansas City, Mo., and Otto O. Fickeissen, of St. Louis, Mo., for plaintiff.

Sullivan, Reeder & Finley, and W. O. Reeder, of St. Louis, Mo., for defendant.

COLLET, District Judge.

The facts are simple and not seriously disputed. Glasscock entered into a contract with the United States to perform certain government work on the Missouri River in this district. The defendant Continental Casualty Company executed a bond for the faithful performance of the contract and the payment of bills for materials. See 40 U.S.C.A. §§ 270a, 270b, 270c and 270d. Plaintiff furnished certain materials to the contractor which went into the project covered by the bond. Those materials were not paid for. This action is upon that bond to recover the value of those materials. The only question involved is whether the action was brought within the period of one year "after the date of final settlement of such contract". Subsection (b) Sec. 270b, Title 40, U.S.C.A. Plaintiff secured and offered in evidence a certificate from the Comptroller General certifying the date of final settlement of the contract as February 1, 1938. This suit was brought January 30, 1939.

Plaintiff relies upon the conclusiveness of the Comptroller General's certificate as to the date of final settlement. Section 270c, Title 40, U.S.C.A.: "The Comptroller General is authorized and directed to furnish * * * a certified statement of the

date of such settlement, which shall be conclusive as to such date upon the parties."

Defendants assert that the project was completed and accepted prior to Jan. 30, 1938, offer evidence, received contingently, to support those assertions and insist that in fact final settlement was made on January 22, 1938. It appears that final payment was made February 1, 1938. No fraud or mistake on the part of the Comptroller General is alleged.

Defendants seek to avoid the conclusive effect of the Comptroller General's certificate as to the date of final settlement by asserting that the clause of Sec. 270c, supra, making the certificate conclusive as to date of final settlement is unconstitutional. The ground of unconstitutionality assigned is that this legislative Act invades the judicial prerogative to determine questions of fact.

The defendants are in no position to question the validity of the Comptroller General's certificate or the Act making it conclusive as to date of settlement.

The bond was executed subsequent to the enactment and effective date of Section 270c, supra. It must be read into the bond and its provisions treated as a part of the original agreement. That being done, the agreement was in effect that in order to avoid the necessity for a determination of the date of final settlement in the Courts, as had formally been done, the Comptroller General should finally and conclusively determine that date. The parties had the legal right to make such an agreement, and, absent fraud or mistake (which is not suggested), the agreement will be enforced. United Const. Co. v. City of St. Louis, 334 Mo. 1006, 69 S.W.2d 639; Universal Const. Co. v. City of St. Louis, 284 Mo. 89, 223 S. W. 931, McCormick v. City of St. Louis, 166 Mo. 315, 65 S.W. 1038.