UNITED STATES ex rel. and for Use and Benefit of KOROSH et al. v. OTIS WILLIAMS & CO. et al.

UNITED STATES, for Use of NELSON, v. WILLIAMS et al.

Nos. 1076, 1078.

District Court, D. Idaho, E. D.

Dec. 9, 1939.

Merrill & Merrill, of Pocatello, Idaho, and John Yerkovich, of Portland, Or., for plaintiff Korosh & Co.

Jones, Pomeroy & Jones, of Pocatello, Idaho, and James L. Conley, of Portland, Or., for plaintiff A. L. Nelson.

H. J. Swanson, O. R. Baum, and Ben Peterson, all of Pocatello, Idaho, for defendants.

CAVANAH, District Judge.

These two cases were consolidated for trial and will be considered and disposed of in this opinion as they involve a consideration of practically the same questions of law.

### Case 1076.

The plaintiff seeks to recover $4,220.10 on its first cause of action and $205.80 on its second cause of action in which it assert that as a partnership they furnished material, labor and supplies for the prosecution of the work required by a certain contract entered into between the United States and Otis Williams Company et al., on the 14th day of July 1936, in the construction of a diversion dam and canal headworks, earth-work and canal lining and structures for the cross-cut canal as covered by schedules 1 and 2 of specifications 683 on the Upper Snake River project in Idaho; that the defendants Williams Company and Sturgill and Company as principals and the defendant Surety Company as surety executed and delivered to the United States a payment bond in the penal sum of $62,365.37 by the terms of which they bound themselves for the payment of all labor and materials used in the construction of the work and that full payment for the same has not been made; that prior to April 1, 1937 defendant Nelson entered into a subcontract with Williams Company and Sturgill and Company for completing a part of the work required by the original contract and on April 1, 1937 employed plaintiff to furnish all necessary labor and do all necessary drilling and blasting of all of the solid rock in the construction of the canal between station 2–48.7 and station 350, excepting the work theretofore done between station 121–50 and 171–17.72, in the manner required by the original contract, and to furnish plaintiff compressors, jack-hammers, drill steel, use of trucks etc., without charge, and that plaintiff would be at the expense of all drill steel, gas, oil, grease and explosives at cost price to Nelson, and Indus-

trial Insurance, State Employment Compensation, Federal Old Age Pension, as might be required and for such services, plaintiff was to receive 47 cents per cubic yard of solid rock removed, and that Nelson would pay to the plaintiff 90 per cent of all sums earned by it in accordance with the monthly estimates of the quantities of work performed, less any ledger account which Nelson may have against the plaintiff for drill steel, gas, oil, grease, explosives, labor, Industrial Insurance, State Employment Compensation; Old Age Pensions, advances etc., retaining 10 per cent of the money so earned by the plaintiff until the work was finished; that immediately following April 1, 1937, the plaintiff commenced work and prosecuted it to the end, and it was finished about December 6, 1937; that the plaintiff drilled, blasted and removed 51,831 cubic yards of rock and for which they were entitled to receive $24,360.54; that Nelson furnished to plaintiff sundry items of materials etc., which were charged against plaintiff, amounting to $12,446.31 and that there was paid to it on account of work $7,694.-16 leaving a balance claimed to be due plaintiff of $4,220.10; that of the $7,694.16 so paid, Williams Company paid $2,000; that in the month of November 1937, when the work was only partially performed, plaintiff became alarmed at the conduct of Nelson and threatened to discontinue work and the defendants Williams Company and Sturgill and Company requested plaintiff to continue the work and finish the same; that to evidence a portion of the amount then due, Nelson gave a promissory note for $1,767.64 due December 20, 1937, and which was not paid; that within 90 days following the date upon which the last of the work was performed, the original contractor knew the amount claimed by the plaintiff and details of the obligation, and that within 90 days after the material and labor had been furnished the plaintiff made demand for payment.

In the second cause of action plaintiff asserts that during July, August, September and October 1937, at the request of Williams Company, one of the original contractors, plaintiff performed work consisting of drilling and blasting, and apart from the work claimed in their first cause of action, of a balance of $205.80 which they allege has not been paid.

The defendant Williams Company and the defendant United States Fidelity & Guaranty Company are the defendants who answer the complaint and they deny that the plaintiff is entitled to recover and present several affirmative defenses which require the consideration of the sufficiency of the complaint and evidence when in disposing of them. These defenses appear to be:

(a) That the complaint fails to state a claim against defendants upon which relief can be granted. The answer to this defense must be in the negative as it is thought that the allegations of the complaint state facts sufficient to require a denial of that defense.

(b) That the right of action which plaintiff attempts to set forth was commenced after the expiration of one year after the date of final settlement of the contract pleaded, and they rely upon section 270b and 270c of Title 40 U.S.C.A. The plaintiff contends that the date of final settlement was March 1, 1938, while defendants assert that it was on January 24, 1938. Suit was commenced February 27, 1939. The Comptroller General fixed March 1, 1938 as the date of final settlement. This issue presents the statute of limitations and the constitutionality of a part of the statute. The defendants contend that the cause of action is barred, as more than one year has lapsed since the final settlement was made. This statute in question provides:

"Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. * * *"

"The Comptroller General is authorized and directed to furnish, to any person making application therefor who submits an affidavit that he has supplied labor or materials for such work and payment therefor has not been made or that he is being sued on any such bond, a certified copy of such bond and the contract for which it was given, which copy shall be prima facie evidence of the contents, execution, and delivery of the original, and, in case final settlement of such contract has been made, a certified statement of the date of such settlement, which shall

be conclusive as to such date upon the parties. Applicants shall pay for such certified copies and certified statements such fees as the Comptroller General fixes to cover the cost of preparation thereof."

It appears without any substantial contradiction in the evidence that the final settlement was on March 1, 1938 as determined by the Comptroller General, but defendants urge that the statute authorizing the Comptroller General to determine the date of final settlement is unconstitutional as it contravenes the 5th Amendment of the Constitution, U.S.C.A., depriving them of a property right without due process of law.

■ It will be remembered that when we come to consider the contract in question and the statute referred to under which it is made, it gives to the Comptroller General authority to determine the date of final settlement of a contract, and the parties thereto have agreed that such authority to determine the date of final settlement would be vested in the Comptroller General. Under such circumstances, such a statute and contract is valid and binding in the absence of fraud or such gross mistake as would imply bad faith on the part of the Comptroller General in fixing the date of the final settlement; nothing appears showing such to have existed.

This question was recently decided in the case of United States, for Use and Benefit of Tobin Quarries, Inc., v. Glasscock et al., D.C., 27 F.Supp. 534, 535, where the Court stated: "Defendants assert that the project was completed and accepted prior to Jan. 30, 1938, offer evidence, received contingently, to support those assertions and insist that in fact final settlement was made on January 22, 1938. It appears that final payment was made February 1, 1938. No fraud or mistake on the part of the Comptroller General is alleged."

■ Of course, it is not alleged in the present case nor is there any evidence showing that any fraud or gross mistake was made on the part of the Comptroller General in fixing the date of the final settlement of the present contract as of March 1, 1938. It seems to be the general rule that where a provision is contained in a contract to the effect that some one may determine a given fact, this action in the premises is conclusive upon the contracting parties in the absence of fraud or bad faith. English Construction Company v. United States, D.C., 29 F. Supp. 526; Kihlberg v. United States, 97 U.S. 398, 24 L.Ed. 1106. In the case of Ogden et al. v. United States, 5 Cir., 60 F. 725, it is said; "Where a contract for work to be done for the United States provides that 'the decision of the engineer officer in charge as to quality and quantity shall be final, and he shall be the sole referee,' a court will not disturb the decision of such officer in the absence of fraud or such gross error as would imply bad faith." The contract and bond were subject to the statute, Stoltz v. United States, 9 Cir., 99 F.2d 283.

So under the record in the present case the conclusion must be reached that the determination of the final date of settlement by the Comptroller General of March 1, 1938, determines such time and is binding upon the parties. That being the fact, then the present action was brought within one year from the date of final settlement and is not barred by the statute of limitation.

■ (c) The 90 day notice required to be given by the Statute applies to the contractor and not to the surety whose liability is co-extensive with the original contractor. It is for the purpose of advising the contractor of any advances created by his sub-contractor so that he might be protected on the final settlement and he can waive it and especially is that true if he has all the information which notice would otherwise give him, or should he deal directly with those who might otherwise be expected to give the notice, and if he impliedly assumes the contract of his sub-contractor and goes ahead and directs the work and promises payment to those who are doing the work if they will continue, his liability becomes fixed and the surety's liability is co-extensive with his, so under the evidence the contractor waived the notice and is estopped to assert it was not given.

(d) The contention as to the legal capacity of Sturgill and Company to be sued as a corporation is without merit.

(e) The next contention of the defendants is that Williams Company never adopted the contract between Nelson and the Plaintiff and that they have not waived their right or are estopped to deny liability. It appears that about July 14, 1936, Williams Company and Sturgill and Company, original contractors with the United

States, agreed, for a consideration of $124,530.75 to furnish materials and perform work for the construction of a diversion dam and canal headworks, etc., for a cross-cut canal as covered by schedules one and two, Upper Snake River project, in Idaho, that they furnished a bond as required, with the defendant United States Fidelity and Guaranty Company as surety. Subsequently defendant Nelson entered into a subcontract with defendant Williams Company and Sturgill and Company for the completion of a part of the work required by the original contract, and at that time Nelson employed the plaintiff to furnish the necessary labor and do the necessary drilling and blasting of solid rock and remove the same in the construction of the canal, and immediately thereafter plaintiff commenced work and prosecuted the same when it was finished in December 1937. In November 1937 when the work was only partly performed plaintiff became alarmed at the conduct of Nelson and when they appeared Williams Company and Sturgill Company requested plaintiff to continue with the work and finish it and agreed to pay plaintiff all sums due and to become due, and relying thereon plaintiff continued work, and the use of the materials. Some of the payments made to the plaintiff were made by Williams Company, who recognized that there was a balance due it.

■ It is fair to conclude from the evidence that there was an assumption of the plaintiff's contract by the original contractors; that being the case and under the evidence, the plaintiff is entitled to recover the sum of $4,326.79 on its first cause of action and the sum of $181.13 on their second cause of action, making a total of $4,507.92 from the defendants Williams Company and United States Fidelity & Guaranty Company, and of said total amount of $4,507.92, the plaintiff is also entitled to recover from the defaulting defendants Sturgill and Company the sum of $4,401.23, and of said total amount it is entitled to recover from the defendant Nelson the sum of $4,220.10.

■ The defendants urge that the promissory note of Nelson for $1,767.64 due December 20, 1937, which was never transferred or paid, constituted a payment. The circumstances under which the note was given was that it was not accepted in payment but to be delivered when the plaintiff got its December advance, which was never received. There was no expressed agreement or circumstance from which it may be inferred that the note was accepted as payment. United States v. Axman et al., C.C., 153 F. 982; Mittry Bros. Construction Co. v. United States, 9 Cir., 75 F.2d 79; United States v. United States Fidelity & Guaranty Co., C. C., 178 F. 721; United States Fidelity & Guaranty Co. v. United States, 191 U.S. 416, 24 S.Ct. 142, 48 L.Ed. 242.

### Case 1078.

In this case plaintiff seeks to recover from the defendants the sum of $37,694 for the performance of a portion of the construction work covered by the original contract between the United States and the defendant Williams Company and Sturgill and Company. The defendant United States Fidelity and Guaranty Company executed its bond in the sum of $62,265.37 guaranteeing prompt payment to all persons supplying labor and materials in the prosecution of the work. Shortly after Williams Company and Sturgill and Company entered upon the performance of the contract Sturgill and Company became unable to carry on the construction work and Williams Company carried it on. On March 31, 1937 Williams Company entered into a contract with the plaintiff for the performance of a portion of the construction work covered by the original contract, and who entered upon the performance of the same. Shortly thereafter the United States re-located the canal which required new work and a modification of the original contract, which was consented to by Williams Company. Plaintiff continued with the work and completed the same in accordance with the changes which required him to incur additional expenses.

Plaintiff asserts the balance now due him is $37,694. The defendants Williams Company and the United States Fidelity & Guaranty Company answer by alleging the same defenses as in case 1076 as to the complaint not stating a claim upon which relief can be granted; that the action was commenced after the expiration of one year after date of final settlement of the contract; that the United States has no power under the statute in case of final settlement of contract to issue certificate of date of settlement, and that Sturgill Company had no legal capacity to be sued.

All these contentions were disposed of in case 1076 and the conclusions there reached apply here.

█ It is further urged by defendants that the plaintiff rendered final settlement to the defendants showing a certain balance owing to the plaintiff which was accepted and paid to the plaintiff and therefore he is now estopped thereby to maintain the present action. They deny that any amount is now owing and due to the plaintiff as they have complied with the terms of the contract, and that there has been a full and complete settlement of the same. The defendant Williams Company further assert a counterclaim against the plaintiff on the alleged account which they say they paid out for the plaintiff for his failure to fulfill his agreement under which his services were rendered, in the sum of $10,776.96, in excess of what defendants would owe plaintiff. The counterclaim is not supported by the evidence.

█ At the conclusion of the work Williams Company did not pay the plaintiff in accordance with the changed conditions and plaintiff now seeks to recover for the reasonable value of the work under the changed conditions, which to a considerable extent changed the job from a dirt one to a rock one. Williams Company gave the plaintiff to understand that the changed conditions would be adjusted in an equitable manner and that he was making a claim for additional compensation. Nelson then went on and completed the work. It involved an increase in quantities and difficulties in handling the work as changed. The evidence warrants this conclusion to be reached. The conclusion is inevitable that the plaintiff sustained material damage by reason of the burden imposed upon him in making the changes and he is entitled to such damages that will make him whole. The monthly settlements referred to were not represented by plaintiff to the defendant that he would receive them as final settlement and payment and he did not at any time waive his claim for reasonable compensation for the work performed. Neither the defendant Williams Company nor the Surety Company are released by reason of the changes as they are bound by them under the record and the law.

As to the instrument urged to be a release of $2,000 it is apparent under the evidence that such is not a release of the defendants of the amount finally due the plaintiff for at the time Williams Company owed the plaintiff more than $2,000. The plaintiff is not now estopped to urge whatever balance might be due him because of the so-called release as it was made and sent to the Government for the defendants' benefit, and especially is that true when the plaintiff at the time insisted, that Williams Company press his claim against the Government.

█ The Statute under which this contract and bond was executed, 40 U.S.C.A. § 270a et seq., has been liberally construed in the interest of materialmen and laborers, and its purpose was "to provide security for the payment of all persons who provide labor or material on public work." Illinois Surety Co. v. John Davis Co., 244 U.S. 376–380, 37 S.Ct. 614, 616, 61 L.Ed. 1206; Mittry Bros. Construction Co. v. United States, supra.

So under the evidence plaintiff is entitled to recover the sum of $19,923.84 and interest and costs from the defendants.