**UNITED STATES, for Use and Benefit of GENESEE SAND & GRAVEL CORPORATION, v. FLEISHER ENGINEERING & CONSTRUCTION CO. et al.**

Civ. No. 359.

District Court, W. D. New York.

July 10, 1942.

Lansdowne & Lansdowne, of Buffalo, N. Y., for plaintiff.

Gibbons, Pottle & Pottle, of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

This is an action under the Miller Act, Chapt. 642, Laws of 1935, 40 U.S.C.A. § 270a et seq. The complaint contains four several alleged causes of action. The first three described causes are claimed to arise

out of the failure to pay for labor and materials furnished by the plaintiff to Easthom-Melvin Company, Inc., sub-contractor, to the defendants Fleisher Engineering & Construction Company and Joseph A. Bass (doing business as Joseph A. Bass Company) contractors for construction work for the Kenfield Housing Project in Buffalo, New York, under an agreement made with the United States, acting by the Federal Emergency Administrator of Public Works. The fourth cause of action alleges the performance of services for the defendants Fleisher Engineering & Construction Company and Joseph A. Bass and at their request.

Issue has been joined as to the defendants, Fleisher Engineering & Construction Company, Joseph A. Bass, doing business under the assumed name and style of Joseph A. Bass Company, Globe Indemnity Company and Royal Indemnity Company.

Under the provisions of Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c the defendants move for summary judgment and to dismiss the complaint. Three grounds are urged. First, that the action was not brought before the expiration of one year from the date of the "final settlement" of the contract; second, that notice of claim was not served within ninety days as provided by law; and third, that the court has no jurisdiction, assuming that there is a common-law liability.

Suit was commenced in January, 1940. Section 270b (b), supra, requires that it be brought prior to the expiration of one year from the date of the final settlement of the contract. The evidence shows that the final settlement was February 28, 1938, and the Comptroller has certified that such settlement was made on that date. The action was not timely brought. Vide: Illinois Surety Co. v. United States, 240 U.S. 214, 36 S.Ct. 321, 60 L.Ed. 609; Globe Indemnity Co. v. United States, 291 U.S. 476, 54 S.Ct. 499, 78 L.Ed. 924; United States, to Use of Stallings et al. v. Starr et al., 4 Cir., 20 F.2d 803; F. & C. Co. of New York v. United States, 6 Cir., 70 F.2d 895; United States F. & G. Co. v. United States, 9 Cir., 65 F.2d 639; Consolidated Indemnity & Ins. Co. v. W. A. Smoot & Co., 4 Cir., 57 F.2d 995; R. P. Farnsworth & Co. v. Electrical Supply Co., 5 Cir., 112 F.2d 150, 130 A.L.R. 192; United States for Use and Benefit of Tobin Quarries, Inc., v. Glasscock et al., D.C., 27 F.Supp. 534; United States ex rel. for Use and Benefit of Korosh v. Otis Williams & Co., D.C., 30 F.Supp. 590. This statute is applicable to each of the causes of action and the motion to dismiss as to each must be granted.

Section 270 b (a) requires the plaintiff, where making a claim against a contractor for labor or material furnished a sub-contractor, to give "written notice to said contractor within ninety days from the date on which such person [claimant] did or performed the last of the labor or furnished or supplied the last of the material * * * stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished" etc. The statute states that such notice should be given by "registered" mail. The Supreme Court in Fleisher Engineering & Const. Co. v. United States, for Use and Benefit of Hallenbeck, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12, held it was not necessary to show service by "registered" mail. In that case a written notice of claim was served by un-registered mail and proof made of its receipt by the contractor. In the instant case no written notice was served within the ninety days. This was not sufficient. United States, for Use and Benefit of American Radiator & Standard Sanitary Corp. v. Northwestern Eng. Co., 8 Cir., 122 F.2d 600; United States, for Use and Benefit of John A. Denie's Sons Co. v. Bass et al., 6 Cir., 111 F.2d 965. Vide, also, Fleisher Engineering & Const. Co. v. United States, For the Use and Benefit of Hallenbeck, supra. This requirement of notice is applicable only to the three first alleged causes of action herein. See section 270b (a) first part.

This is a statutory action. It is an action, as stated in section 270b, supra, in which the claimant is given the right to sue on the payment bond in the name of the United States. The plaintiff disavows any right to recover as in a common-law action. By reason of the nature of the action, section 270a et seq. is to be strictly construed. Plaintiff can not recover as against these defendants on the fourth cause of action.

The motion for summary judgment and dismissal of the complaint is granted.