UNITED STATES, for the Use of STRONA
et al., v. BUSSEY et al.

No. 2513.

District Court, S. D. California.
Central Division.

Sept. 28, 1943.

Newton E. Anderson and Irvin R. Saager, both of Los Angeles, Cal., for defendants Arthur C. Bussey and Glens Falls Indemnity Co.

Entenza & Gramer and S. E. Gramer, all of Los Angeles, Cal., for intervenor John W. House.

J. F. T. O'CONNOR, District Judge.

This action arises under the Act of Congress of August 24, 1935, 49 Stat. 793, 40 U.S.C.A., §§ 270a to 270d. The action is upon the bond furnished by the contractor as required by the statute.

On or about January 16, 1942, defendant, Arthur C. Bussey, entered into a contract with the United States for the construction of repairs and additions to Cal-Aero Airport located approximately six miles south of Ontario, California. Thereafter the contractor executed and delivered a bond to the United States in the sum of $70,761.50 wherein the defendant, Bussey, was principal and Glens Falls Indemnity Company, a corporation, was surety. The bond was conditioned upon the prompt payment to all persons supplying labor and material and the prosecution of the work under the aforesaid contract.

Bussey entered into a contract with one A. V. Sullivan, by the terms of which Sullivan agreed to furnish certain labor and material. On July 9, 1943, John W. House, hereinafter called "intervenor", filed a complaint in intervention by leave of court.

On February 23, 1942, the intervenor, House, entered into a contract with A. V. Sullivan, subcontractor under Bussey, whereby intervenor agreed to furnish the use of trucks and drivers for the hauling of certain material used by said Bussey in construction work on the Cal-Aero Airport. On February 25, 1942, intervenor, not being satisfied with the credit standing of A. V. Sullivan, ceased work and hauling and on said day and date the defendant, Bussey, assured and advised the intervenor that he would be responsible for payment to intervenor for all trucks, drivers, work and hauling that might be done by intervenor on said job, if intervenor would continue with said work of hauling and the furnishing of said trucks and drivers, and would increase the number of trucks and drivers to do the work. Intervenor complied with the conditions and, upon assurance of the contractor, Bussey, continued the hauling of materials which were used by the defendant, Bussey, in the construction work of Cal-Aero Airport at an agreed price of $2.85 per hour per truck. Intervenor furnished 1494¼ hours of work and completed his work on March 30, 1942, and notified the contractor, Bussey, that the total amount due intervenor was $4,258.61 less a credit of $400, leaving a balance due of $3,858.61. The defendant contractor agreed to pay said sum provided intervenor would obtain from A. V. Sullivan an assignment of the same, and on April 3, 1942, an assignment in writing executed by Sullivan was delivered to the contractor, authorizing the contractor to pay to the intervenor $3,858.61. Contractor refused to pay the same. The complaint prays judgment against the defendant, Glens Falls Indemnity Co., a corporation.

The answer admits the making and entering into the contract between Bussey and the United States government pursuant to 40 U.S.C.A. § 270a, and the furnishing of the bond as required by the contractor and the defendant, Glens Falls Indemnity Co., and the amount stated.

The answer denies the contractual relations between Sullivan and the intervenor and also that the intervenor did perform work and services, and denies that the contractor agreed to be responsible for the work done by the intervenor.

The answer denies that one year has not elapsed since final settlement of the contract between defendant, Bussey, and the United States of America.

The defendants, Bussey and Glens Falls Indemnity Co., as a first affirmative defense, allege that more than one year has elapsed between the final settlement of defendant, Bussey's, contract with the United States and the commencement of the suit by the intervenor, and alleges the action is barred by the provisions of the U.S.Code Annotated Title 40, §§ 270a to 270d, known as the Miller Act.

A second affirmative defense alleges that on April 7, 1942, the intervenor commenced an action against the defendants herein in Superior Court, State of California, in and for the County of Riverside; further alleging that the same relief and same cause of action is alleged therein, and that said action is pending.

A third affirmative defense alleges that the complaint of intervenor fails to state a claim against defendants upon which relief can be granted.

The court finds that all of the allegations in the complaint are true.

The defendant contends, first, that John W. House, the intervenor, is not the proper party in interest, insisting that House Brothers is the proper party in interest; secondly, that the proper notice as required by Section 270b, 40 U.S.C.A., was not given; and thirdly, that the action of intervenor was not brought within one year as provided in Section 270b.

■ No evidence was introduced establishing the fact that another action between the same parties for the same relief was pending, and no argument was made by counsel urging this defense.

■ The evidence clearly shows that John W. House was the proper party to maintain this action. The partnership, in which the intervenor, House, was associated with his brother, had been terminated prior to the commencement of the work under the Bussey contract.

■ The evidence further shows that there was a direct contract between the intervenor, House, and the defendant, Bussey, whereby Bussey promised intervenor that if he would continue his work on the Cal-Aero Airport Bussey would pay the same and this finding disposes of the argument that no proper notice was given to the contractor as required by Section 270b. The section is clear. The second sentence of said section provides as follows: "provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship, express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed."

The defense of the Statute of Limitations interposed by the defendants must prevail and is a bar to the intervenor's cause of action under the provisions of the Miller Act. Section 270b, sub. (b), provides: "* * * but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract."

The intervenor introduced in evidence a certificate of the Assistant Comptroller General of the United States dated August 12, 1943, in words and figures as follows: "To Whom It May Concern: It is hereby certified, in accordance with section 3 of the act of August 24, 1935, 49 Stat. 793, that final settlement under contract No. W-509-eng-2007, dated January 16, 1942, between the United States represented by Edwin C. Kelton, contracting officer, and the contractor, Arthur C. Bussey, was made July 9, 1942. Frank L. Yates, Assistant Comptroller General of the United States." Seal.

■ The contention of the defendant, Glens Falls Indemnity Company, that the certificate of the Comptroller General was invalid for the reason that it was a delegation of judicial powers by Congress to the Comptroller General is without merit.

The statute authorizing the Comptroller General to fix the date of final settlement which shall be conclusive does not violate the Fifth Amendment to the Constitution. United States ex rel. Korosh et al. v. Otis Williams & Co., D.C., 30 F. Supp. 590.

■ The parties to a contract may agree that a third party may determine a given fact and such finding be conclusive. The statute, § 270c, must be read into and is a part of the bond. There is no allegation nor contention that there was fraud or mistake, gross error or bad faith in the act of the Comptroller General determining July 9, 1942, as the date of "final settlement". English Construction Company v. United States, D.C., 29 F.Supp. 526. Kihlberg v. United States, 97 U.S. 398, 24 L.Ed. 1106. Stoltz v. United States, 9 Cir., 99 F.2d 283.

■ The evidence establishes that the final act of the government was performed on July 9, 1942, when the check to the contractor, Bussey, was authorized to be typed and was signed by the proper officials on the same date: viz, July 9, 1942. This being the date of "final settlement", fixed by the Comptroller General.

■ The action of John W. House, intervenor, was filed in this court on July 9, 1943. Can it be said the action was filed within a year from the date of "final settlement"? It is clear that a year and

one day had elapsed from the date of "final settlement". The one year ended at midnight on July 8, 1943. "Ordinarily and in common acceptance three hundred and sixty-five days save leap year; from January the first to December the thirty-first, inclusive. It is composed of twelve months, varying in length, according to the common or Gregorian calendar." 62 Corpus Juris, 964, § 9.

The courts have used twelve months and one year interchangeably. The Circuit Court of Appeals, Fourth Circuit, construing the limitation of one year in the Heard Act, as amended, 40 U.S.C.A. § 270, in Re Consolidated Indemnity & Insurance Co. v. W. A. Smoot & Co., 57 F.2d 995, at page 997, said: "These intervened more than twelve months after the settlement and are barred by the statute."

In re Providence Voters, 13 R.I. 737, held "within the year next preceding" to be the same as denoting a period of twelve months.

Erwin v. Benton, 120 Ky. 536, 87 S. W. 291, 294, 9 Ann.Cas. 264: "the year in law is 365 calendar days. One born on the first day of the year is consequently deemed to be one year old on the 365th day after his birth—the last day of that year."

An opinion directly in point is Geneva Cooperage Co. v. Brown, 124 Ky. 16, 98 S.W. 279, 124 Am.St.Rep. 388. "Under Ky.St.1903, § 452, providing that 'year' shall be construed to mean a calendar year, etc., the word 'year' in section 2516, providing that an action for personal injuries shall be commenced within one 'year' after the accrual of the cause of action, means a calendar year, which in common acceptation consists of 365 days, and therefore an action commenced September 19, 1904, for injuries received September 19, 1903, was barred, since, in computing the time within which the action must be commenced, the day of the injury must be included."

See 45 Words and Phrases, Perm.Ed., page 647. See, also, Municipal Improvement Co. v. Thompson, 201 Cal. 629, 258 P. 955.

All other issues have been found in intervenor's favor. The court has diligently examined the federal and state statutes to determine if the action was brought within the prescribed period. The intervenor should prevail unless the statute prevents a recovery. Section 12 of the California Code of Civil Procedure provides: "The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded." This statute has been construed by the Supreme Court of California in Derby & Co. v. City of Modesto, 104 Cal. 515, at 522, 38 P. 900, at 902:

" 'A day is the period of time between any midnight and the midnight following.' Pol.Code, § 3259. Fractions of a day are not regarded in law, unless justice requires it, or where the order of successive events is to be ascertained. In Bemis v. Leonard, 118 Mass. 502 [19 Am.Rep. 470], it was held that 'in computing time from the date, or from the day of the date, or from a certain act or event, the day of the date is to be excluded, unless a different intention is manifested.'

"But here there is no date or event suggesting the exclusion of the first day's publication from the computation, and the cases above cited take this case out of the rule stated in section 12, Code Civil Proc., which excludes the first day and includes the last; but even under that theory, if the statute required 14 days' notice, and the notice had been served on the 6th, the performance of the act on the 20th would have been regular. The words, 'at least', in the statute, do not restrict the meaning of the expression 'published two weeks.' They are intended to fix two weeks as the minimum, leaving it in the discretion of the trustees to make a longer publication."

Intervenor John W. House prays judgment only against the defendant, Glens Falls Indemnity Co. Findings of fact and conclusions of law will be prepared by the defendant, Glens Falls Indemnity Co., in accordance with this opinion. Costs will be allowed the prevailing party.