UNITED STATES of America, For the Use and on Behalf of B. KATCHEN IRON WORKS, Inc., a New Jersey corporation, Plaintiff,

v.

STANDARD ACCIDENT INSURANCE COMPANY and Daniel J. Cronin, Inc., Defendants.

Civ. A. No. C–902–56.

United States District Court D. New Jersey.

Jan. 31, 1958.

Irving Mandelbaum and Samuel H. Nelson, Newark, N. J., for plaintiff.

Louis Auerbacher, Jr., Newark, N. J., for defendant Standard Acc. Ins. Co.

Francis W. Hayden, Newark, N. J., for defendant Daniel J. Cronin, Inc.

WORTENDYKE, District Judge.

This action was instituted against Standard Accident Insurance Company under the Miller Act, 40 U.S.C.A. §§ 270a–270e. Plaintiff (Katchen) was a subcontractor with Daniel J. Cronin, Inc. (Cronin) for the construction of a Naval Air Turbine Test Station under a general contract with the United States of America, Department of the Navy, Bureau of Yards and Docks. In compliance with § 270a(2) of Title 40, Cronin, as principal, and Standard Accident Insurance Co. (Standard), as surety, entered into a payment bond to the United States of America, dated December 12, 1952, conditioned as in said subsection required.

Plaintiff's original complaint sought recovery from Standard, upon the payment bond, of the amount of $2,165.86 for extras, and $23,601.79 alleged to represent a balance due from Cronin under its contract with Katchen. That complaint was filed on November 15, 1956. Upon leave duly granted by the Court, an amended complaint was filed in this action, joining Cronin as a defendant with Standard, and praying judgment against both defendants for $23,601.79, which Katchen claims is the balance due to it from Cronin upon the subcontract between those parties. In this amended complaint Katchen pleads that "less than one year has expired since the date of the final settlement" of Cronin's contract with the United States, and, with respect to this allegation, Standard answered that it neither admitted nor denied the same but put Katchen to its proof thereof. Cronin also answered the amended complaint and interposed a counterclaim against Katchen for damages for failure to perform the contract between Katchen and Cronin. In its "Reply" Katchen has joined issue upon the allegations of Cronin's counterclaim.

At a pretrial conference held in this case on November 20, 1957, counsel for Standard expressed his client's position as follows:

"We are contending first that the Court does not have jurisdiction. The suit is barred in that it was started out of time. The Statute, the Miller Act, 40 U.S.C.[A. §] 270 b, requires that every suit instituted under the Miller Act * * * shall not be commenced after the expiration of one year after the date of final settlement of a contract. The final settlement of the contract by the certificate from the United States General Accounting Office was June 14, 1955. The suit was instituted on November 16, 1956— November 15th. It is clearly out of time."

Leave was accordingly granted to Standard to amend its answer by pleading the foregoing contention affirmatively. At the same conference, counsel for Katchen took the position that if § 270b of Title 40 is construed to mean that the one-year limitation therein prescribed commenced to run from the time actually fixed by the Comptroller General as final settlement date on the prime contract (regardless of actual date of the completion), the section would be unconstitutional. The Court therefore directed Katchen to raise this question of constitutionality in the form of an amended reply and granted leave to Standard to address a motion to the affirmative defenses presented by such a pleading for the purpose of testing their sufficiency.

Such an amended reply was accordingly filed. Katchen alleged therein that the one-year period prescribed by Section 270b "commenced to run from the date on which the United States Comptroller General actually fixed the 'final settlement' date, regardless of the date fixed. The Comptroller General fixed the date on February 18th, 1957. The 'final settlement' date thereby fixed was June 14, 1955. Plaintiff commenced this action November 16, 1956, and was, therefore, in time." Katchen further pleaded that if the one-year period did not commence to run from February 18, 1957, then Katchen had a reasonable time from that date within which to institute this action "inasmuch as, on February 18, 1957, which was the fixing date, more than one year had already elapsed from the date of 'final settlement' fixed." Katchen further contended in the pleading referred to that if § 270b is construed as prohibiting commencement of an action against the surety more than one year after the date of "final settlement" regardless of the date upon which the date of final settlement was determined, that section, together with § 270c, which authorizes the Comptroller General to fix the date of final settlement and renders his determination thereof conclusive, would be unconstitutional.

Standard, upon due notice, has moved to strike the defenses set forth in Katchen's said amended reply and for judgment of dismissal of Katchen's amended complaint insofar as Standard is concerned. These motions rely upon a copy of an undated Certificate, under the letterhead of the United States General Accounting Office, Office of the General Counsel, which reads as follows:

"To Whom It May Concern:

"Having been specially designated to make such certificate pursuant to section 311(e) of the act of June 10, 1921, 42 Stat. 20, I hearby certify, in accordance with section 3 of the act of August 24, 1935, 49 Stat. 793, that final settlement under contract No. NOY–73193, Specification No. 34372, dated December 12, 1952, between the United States, represented by the contracting officer, and the contractor, Daniel J. Cronin, Inc., was made June 14, 1955.

"(Signed) R. E. Ramsey
Associate General Counsel."

The quoted document bears, in respective different locations thereon, the stamped dates "July 11, 1957" and "October 16, 1957."

In opposition to the foregoing motion, Katchen's attorney, Irving Mandelbaum, has filed his own affidavit and what purports to be an affidavit of W. W. Gentry, Lt., C. E. C., U. S. N., Resident Officer in Charge of Construction, apparently

sworn to March 12, 1956. The affidavit of this attorney sets forth a copy of a letter dated December 11, 1957, to deponent from R. E. Ramsey, Associate General Counsel in the United States General Accounting Office, which states that the certificate of final settlement previously furnished by the Comptroller General was dated February 18, 1957, " 'evidencing on its face the time of our determination.' " The Gentry affidavit contains what purports to be a copy of Lt. Gentry's letter of January 18, 1956, to Katchen and concludes "that on February 9th, 1956 I wrote to Daniel J. Cronin, Inc. advising it that the job had been completed and accepted and requesting that it submit a final invoice." From this affidavit it appears that the deponent was Resident Officer in Charge of Construction at the Cronin job here in question, and, in the copy of his letter to Katchen incorporated in the affidavit, he advised that: " 'All contract work has been completed and accepted, with the exception of the aluminum drip flashing still required on doors numbered 31 through 34 as detailed on Yards and Docks Drawing Number 517825. Since this is a very minor item, it will probably be completed soon, at which time the Resident Officer in Charge of Construction will accept all work and initiate closing the contract.' "

The present motion is, in effect, one for summary judgment under Rule 56 (b) of the Rules of Civil Procedure, 28 U.S.C.A., or for judgment on the pleadings, or to strike pursuant to subdivision (c) or (f) of Rule 12.

■ It is apparently the rule in this Circuit that, on a motion to dismiss, the pleading attacked "must be viewed in the light most favorable to the" pleader and that the pleading "should not be dismissed unless it appears to a certainty" that the pleader "would not be entitled to relief under any state of the facts which could be proved in support of his claim; further, no matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it." Frederick Hart & Co. Inc. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580, 581. The same decision is authority for the rule that the truth of all facts well pleaded must be admitted for the purpose of the motion, including facts alleged upon information and belief.

■ Plaintiff's amended reply was intended to constitute a response to Standard's affirmative plea that Katchen could not maintain the action because it was not commenced within one year after final settlement of the prime contract as certified by the Comptroller General. This factual allegation is not denied in the amended reply. Indeed, plaintiff admits that the Comptroller General fixed June 14, 1955, as the "final settlement" date. The notice of the pending motion which annexes a photostatic copy of the certificate of the Comptroller General confirms the fact. Katchen, however, contends that because the date upon which the Comptroller fixed the date of final settlement was subsequent to the date so fixed, and because the language of § 270c may be construed to authorize the Comptroller so to do, the section is unconstitutional in the respects set forth in plaintiff's purely argumentative amended reply. The affidavits which plaintiff submits in opposition to the present motion are relevant only if the statutory conclusiveness of the certificate of the Comptroller is rejected.

The constitutionality of § 270c has already been upheld by the first circuit in Peerless Casualty Company v. United States etc., 1957, 241 F.2d 811. That question need not be reconsidered here. Peerless, however, also construed the language of the section as authorizing the setting aside of the Comptroller's certificate by establishing "fraud or such gross mistake as would imply bad faith", but the Court concludes (at page 817): "Since the district court did not find and the record does not reveal either fraud or such gross mistake as would imply bad faith the certificate of the Comptroller General prevails."

In the case at bar plaintiff has not pleaded that the Comptroller's certificate is the product of fraud or mistake. No issue of fact is presented by the pending motion. Standard merely seeks an application of unambiguous statutory language to uncontroverted facts. This language has been uniformly construed by various courts as meaning exactly what it says. In United States etc., v. Frankini Construction Company, D.C. Mass.1956, 139 F.Supp. 153, the suit of the subcontractor's assignee under the Miller Act was commenced on January 26, 1955. On December 6, 1955, the Comptroller General certified that final settlement of the prime contract was accomplished on September 7, 1952. In granting the motion to dismiss made by the surety on the payment bond of the prime contractor, Judge Wyzanski reminds us (at page 155):

"The courts do not inquire whether there has *in fact* been a final settlement of a contract. * * * Whenever the Comptroller General was satisfied to regard a contract as finally settled, Congress was prepared to regard it as finally settled and to allow a claimant who secured a Comptroller's certificate to proceed." (Emphasis supplied.)

See, also, United States for Use and Benefit of Genesee Sand & Gravel Corp. v. Fleisher Engineering & Constr. Co., D.C.N.Y.1942, 45 F.Supp. 781.

In United States for Use and Benefit of Tobin Quarries v. Glasscock, D.C. Mo.1939, 27 F.Supp. 534, 535 Judge Collet pointed out:

"The bond was executed subsequent to the enactment and effective date of Section 270c, supra. It must be read into the bond and its provisions treated as a part of the original agreement. That being done, the agreement was in effect that in order to avoid the necessity for a determination of the date of final settlement in the Courts, as had formerly been done, the Comptroller General should finally and conclusively determine that date. The parties had the legal right to make such an agreement, and, absent fraud or mistake (which is not suggested), the agreement will be enforced."

Peerless Casualty Company v. United States, supra, reiterates the foregoing principles.

Standard's present motion will be granted. Katchen's complaint will be dismissed as to Standard. An order may be presented accordingly.