UNITED STATES of America For Use of M. A. HARTNETT, INC., a corporation of the State of Delaware, Plaintiff,

v.

ENTERPRISE ENGINEERING AND CONSTRUCTION COMPANY, Inc., and Standard Accident Insurance Company, Defendants.

Civ. A. No. 1985.

United States District Court
D. Delaware.

Dec. 1, 1958.

Maurice A. Hartnett, III, Dover, Del., for plaintiff.

Albert W. James, and Arthur J. Sullivan (Morris, James, Hitchens & Williams), Wilmington, Del., for defendant, Standard Accident Ins. Co.

RODNEY, District Judge.

This matter arises under the Miller Act (40 U.S.C.A. §§ 270a–270c). The complaint alleges that pursuant to a contract for certain public work to be done by Enterprise Engineering and Construction Company at the Dover Air Force Base the said Company entered into a, so-called, payment bond, with Standard Accident Insurance Company as surety, to insure payment of claims for labor or materials in the prosecution of the work. The complaint alleges that M. A. Hartnett, Inc. furnished material for use in the performance of the contract and has not been paid. One of the defendants, Standard Accident Insurance Company has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b) (6), 28 U.S.C. for failure to state a claim upon which relief can be granted. The action had been filed April 30, 1958. To the motion to dismiss was attached a copy of a certificate from an allegedly authorized person showing the final settlement on the contract had been made on April 26, 1957. This matter not having been excluded by the Court then the motion to dismiss is by the Rule to be treated as a motion for summary judgment. Affidavits were filed but need not be considered.

At the argument the plaintiff conceded that the action had not been filed within one year from the date of final settlement under the contract. The plaintiff contends that the moving defendant had waived the institution of the suit within the year after final settlement and was estopped from raising such defense. The moving defendant contends that there is not here involved any mere statute of limitations or any matter that can be waived but a condition precedent to the right of action and one which involves the jurisdiction of the Court itself.

Insofar as here material the Statute after giving a claimant for labor or materials a right of action on the bond provides by 40 U.S.C.A. § 270b(b):

"Every suit instituted under this section shall be brought in the name of the United States for the use of

the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. * * * "

Persons performing labor or furnishing materials in connection with a contract covering United States property seem to have had no adequate protection as to payment prior to the adoption in 1894 of "An Act For the protection of persons furnishing materials and labor for the construction of public works." [1] This Act was enacted in recognition of the inability of contractors for labor and material to take liens upon the public property of the United States.[2] This Act proved unsatisfactory and resulted in many conflicting decisions. Under it, actions could be brought either in a state or federal court and cases differed as to the requirement of a jurisdictional amount if brought in a federal court. There was no limitation of time as to the bringing of the suit. The cited Act was amended February 24, 1905 by the, so-called, Heard Act,[3] which remained in force until the present Act of 1935 was adopted. Insofar as the timeliness of an action on the bond is concerned, there is little difference between the two latter Acts. The Act of 1905 provided that a suit by a creditor "shall be commenced within one year after the performance and final settlement of said contract, and not later". The present Act provides " * * * no such suit shall be commenced after the expiration of one year

after the date of final settlement of such contract. * * * "

There is no material distinction between the two provisions. Cases under the 1905 Act uniformly held that the Statute created a new legal liability with a right to a suit for its enforcement provided the suit was brought within one year after performance and final settlement under the contract and not later. It was held that "the time within which the suit must be brought operates as a limitation of the liability itself, and not of the remedy alone. It is a condition attached to the right to sue at all. Time has been made of the essence of the right, and the right is lost if the time is disregarded." [4]

 The same construction as above indicated has been accorded the Act of 1935. United States for Benefit and Use of Berkowitz v. Franklini Construction Co., D.C.1956, 139 F.Supp. 153; United States for Use and Benefit of Genesee Sand & Gravel Corp. v. Fleisher Engineering & Construction Co., D.C.1942, 45 F.Supp. 781. See also 119 A.L.R. 255, 259.

The Court of Appeals for this Third Circuit has reached the same conclusion as to both Acts. As to the Heard Act of 1905, see Stitzer v. United States for Use of Vaughan, 1910, 182 F. 513; as to the Miller Act of 1935, see United States for Use and on Behalf of B. Katchen Iron Works, Inc. v. Standard Accident Insurance Co., D.C.1958, 158 F.Supp. 616, affirmed 257 F.2d 78; United States for Use of Soda v. Montgomery, 253 F.2d 509.

 It being conceded that the action was "commenced after the expiration of

---

1. 28 Stat. 278.

2. United States v. Ansonia Brass & Copper Company, 1910, 218 U.S. 452, 471, 31 S.Ct. 49, 54 L.Ed 1107.

3. 33 Stat. 811.

4. United States to Use of Gibson-Lumber Co. v. Boomer, 8 Cir., 1910, 183 F. 726, 730; See also United States ex rel. Texas Portland Cement Company

v. McCord, 1914, 233 U.S. 157, 162, 34 S.Ct. 550, 58 L.Ed. 893; Antrim Lumber Co. v. Hannan, 8 Cir., 1927, 18 F. 2d 548, 550; United States to Use of O'Connell v. Kearns, D.C.1928, 26 F.2d 235, 236; Salyers v. United States for Use of Indiana Quarries Co., 8 Cir., 1919, 257 F. 255, 257; Stitzer v. United States to Use of Vaughan, 3 Cir., 1910, 182 F. 513, 516.

one year after the date of final settlement of such contract" as prohibited by the Statute the action as against Standard Accident Insurance Company, the moving defendant, must be dismissed and an appropriate order may be submitted.