In the Matter of Arbitration Between
**UNITED STATES of America, for Use
and benefit of WRECKING CORPORA-
TION OF AMERICA,**

v.

**EDWARD R. MARDEN CORP.,** Planet
Insurance Company, and American Re-
Insurance Company, Respondents.

**Civ. A. No. 68–46.**

United States District Court
D. Massachusetts.

Aug. 6, 1968.

Steven James Cohen, Sugarman, Al-
berts, Rogers & Barshak, Boston, Mass.,
for petitioner.

Stanley S. Ganz, Ganz & Ham, Boston,
Mass., for respondents.

## OPINION

CAFFREY, District Judge.

This matter came before the Court on
petitioner's motion for summary judg-
ment, which motion was briefed and
orally argued by the parties. After
hearing I rule as follows:

This is a civil action. Jurisdiction of
this court is invoked on the basis of 40
U.S.C.A. § 270b(b) and 9 U.S.C.A. § 4.
On June 15, 1966, the United States, act-
ing by the Department of the Navy, en-
tered into a contract with respondent
Edward R. Marden Corp., under the
terms of which Marden agreed to fur-
nish all labor and materials required for
the construction of an aircraft mainte-
nance facility at the United States Na-
val Air Station, South Weymouth, Mas-
sachusetts, for $2,169,600. Respondents
Marden, Planet Insurance Company, a
corporation organized under the laws of
Wisconsin, and American Re-Insurance
Company, a corporation organized under
the laws of New York, executed stand-
ard form payment bonds to the United
States whereby Marden, as principal,
and Planet and American, as sureties,
bound themselves jointly and severally
in the sum of $867,840, for the prompt
payment of all persons supplying labor
and materials in the prosecution of the
work ·called for in the prime contract
and any and all duly authorized modifi-
cations thereof. The sureties waived
notice of any such modifications.

Thereafter, during the months of August through December 1966, the plaintiff, Wrecking Corporation of America, a corporation organized under the laws of Ohio, performed certain work and labor at an agreed price of $235,000 on the basis of a subcontract between it and Marden. The complaint recites that plaintiff was a subcontractor of Marden and that the work done by it was work required to be done by Marden under its prime contract with the United States. It further recites that Marden has failed and refused to pay the plaintiff the sum of $52,673, despite plaintiff's completion of the work and timely demand for payment. Finally, the complaint recites that Article 21 of its subcontract with Marden provides for arbitration of any dispute with reference to the subcontract. Wherefore, plaintiff seeks an order compelling Marden to arbitrate their differences over the performance of and the amounts due under the subcontract, and an order that respondents Planet and American pay whatever sum is established as due from Marden to plaintiff.

■ (1) Plaintiff's motion for summary judgment must be denied as against respondents Planet and American, because the Miller Act, 40 U.S.C.A. § 270b(b), places a one-year limitation on actions against sureties, after which their contingent liability ceases. No action may be maintained against them unless commenced within one year from the completion of the work on the contract. In this case the work was completed, according to the allegations of the complaint, in December 1966 and, thus, one year therefrom expired in December 1967. The complaint was not filed until April 8, 1968, several months after the statute of limitations had run as to respondents Planet and American.

The Court of Appeals for the Eighth Circuit ruled, over fifty years ago, that the one-year statute of limitations "is not merely a limitation on the remedy but on the liability itself." United States, to Use of Gibson Lumber Co. v. Boomer, 183 F. 726 (1910). This ruling

has been followed by the Court of Appeals for the Sixth Circuit, in United States, f/u/b/o Statham Instruments, Inc. v. Western Casualty & Surety Co., 359 F.2d 521 (1966), and by the Court of Appeals for the Third Circuit in United States, f/u/b/o Soda v. Montgomery, 253 F.2d 509 (1958). See, also, United States f/u/b/o M. A. Hartnett, Inc. v. Enterprise Engineering & Construction Co., 169 F.Supp. 131 (D.Del.1958); United States, f/u/b/o B. Katchen Iron Works, Inc. v. Standard Accident Insurance Co., 158 F.Supp. 616 (D.N.J.1958), aff'd 257 F.2d 78.

■ The cases relied on by plaintiff, such as United States, f/u/b/o Industrial Engineering & Metal Fabricators v. Eric Elevator Corp., 214 F.Supp. 947 (D.Mass.1963), and Agostini Brothers Building Corp. v. United States on Behalf of and For Use of Virginia-Carolina Electrical Works, 142 F.2d 854 (4th Cir. 1944), establish only that there is no inconsistency between the provisions of Title 9, U.S.C.A. secs. 1–14, and Title 40, U.S.C.A. §§ 270a–270e. No case cited by plaintiff is authority for the proposition that invocation of arbitration under 9 U.S.C.A. §§ 2 and 4 dispenses with the operation of the statute of limitations contained in the Miller Act, 40 U.S.C.A. § 270b(b), and nothing in those cases indicates that the actions therein were filed subsequent to the expiration of the one-year period of limitation.

■ It should be added that there is nothing contained in the waiver by the sureties of notice of "all duly authorized modifications of said contract that may hereafter be made" that operates as a waiver by the sureties of the provisions of 40 U.S.C.A. § 270b(b), nor is there any suggestion that the contract was ever modified in such a way as to include a waiver of said section.

■ (2) It appearing that there is diversity of citizenship as between petitioner and respondent Marden, and that more than $10,000 is involved, the motion for summary judgment is allowed as to Marden and an order will be entered directing Marden to proceed forth-

with with arbitration of its controversy with Wrecking Corporation of America in accordance with the terms of the subcontract, and dismissing the complaint as against respondents Planet and American.