**UNITED STATES of America ex rel. Carl R. MORITZ, Plaintiff,**

v.

**MERLE A. PATNODE CO., Ltd., and the Aetna Casualty and Surety Company, Defendants.**

No. 70-C-617.

United States District Court,
E. D. Wisconsin.

Feb. 5, 1971.

O'Melia & Kaye, Rhinelander, Wis., for plaintiff.

Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, Aetna Casualty and Surety Company, has moved to dismiss the complaint. In a separate motion, the plaintiff has moved to amend his complaint, and the latter motion is not opposed.

As amended, the complaint purports to assert a cause of action under 40 U. S.C. § 270b; the plaintiff seeks to recover under the Miller Act for labor and material furnished by him in connection with the painting of a post office building constructed at Delavan, Wisconsin.

The last date upon which labor was performed and material furnished by the plaintiff was December 14, 1968. The complaint was filed on October 30, 1970. It would thus appear on the face of the amended complaint that the suit was not commenced within the year's period set forth in § 270b(b), which provides:

"Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States

District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, *but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him."* (Emphasis added.)

The plaintiff urges, however, that he was prevented from commencing this action because of a pending state court action in which, according to an allegation in paragraph 9 of his complaint, he was "enjoined and restrained from commencing any action or proceeding."

■■ It is highly doubtful that the alleged restraining order (even if more specifically applicable to the instant action and even if more clearly described in this record) could effectively relieve the plaintiff of his duty to comply with the statutory mandate. United States ex rel. Dover Elevator Co. v. General Insurance Company of America, 339 F.2d 194, 195 (6th Cir. 1964); United States for Use and Benefit of T Square Equipment Corp. v. Gregor J. Schaefer Sons, Inc., 272 F.Supp. 962 (E.D.N.Y.1967). Except for the broad, unverified assertion in the amended complaint, quoted above, the plaintiff has not demonstrated that he was, as a matter of fact, enjoined for the year's period from commencing this action.

While the one-year provision can be waived, there is no reason to believe that a waiver was given in the case at bar. United States for Use and Benefit of Wrecking Corp. of America v. Marden Corp., 289 F.Supp. 141 (D.C.Mass. 1968).

Now, therefore, it is ordered that the motion of the defendant, Aetna Casualty and Surety Company, for an order dismissing the plaintiff's complaint be and hereby is granted and it is also ordered that the plaintiff's action be and hereby is dismissed.

Roland EUWEMA, St. Thomas, V. I.

and

Julie Kean, St. Thomas, V. I.

and

Idalia Connor, St. Thomas, V. I.

and

Virginia Bergan, St. Thomas, V. I.

and

Donna Sargeant, St. Croix, V. I.

and

Vincent Hoover Adams Gordon, St. Croix, V. I., Plaintiffs,

v.

Henrita TODMAN, Supervisor of Elections, No. 3 Crystal Gade, St. Thomas, U. S. Virgin Islands

and

Ulla S. Muller, Chairman, et al.,

and

Peter J. O'Dea, Attorney General of the Virgin Islands, Charlotte Amalie, St. Thomas, Defendants.

Civ. No. 410/1970.

District Court Virgin Islands, D. St. Croix.

March 3, 1971.