Littleton, Judge,
delivered the opinion of the court;
The facts with reference to the question here involved are set forth in the findings, and the provisions of Contract art. 11 are quoted in finding 7.
On July 17, 1936, plaintiff entered into a subcontract with the Cauldwell-Wingate Company, who had thereto *59 fore entered into a contract with the defendant for the construction of superstructures for Harlem .Kiver houses, project H-1302, New York City. The contract of plaintiff with the prime contractor called for the construction of the floor system, composed of columns, slabs, and beams, all of reinforced concrete, resting on the exterior walls of the building. A part of. the work which plaintiff was required to perform, and which gave rise to the penalties here involved, was the finishing of the surfaces of the concrete floors by cement masons. This work was performed by masons from the Cement' Masons Union, Local 780, New 'York City, and by a regulation of that local union member cement masons were not permitted to go to work after 10 a. m. on any day. Par., (b) of art. 11 of plaintiff’s contract with the prime contractor provided that the maximum hours of work for persons employed on the project and engaged in manual labor should be eight hours a day, except (1) in case of emergency involving the public welfare or the protection of work already done, (2) special and unusual-circumstances when the 8-hour limitation was not advisable or practicable, and (3) for supervisory and administrative employees.
Par. • (c) provided that no laborer or mechanic -doing any part ..of the work called for by the contract, in the employ of the contractor or any subcontractor contracting for any part:pf the work, should be required or permitted to work more than 8 hours in any one .calendar day upon such work at the site thereof, and for each violation of these' requirements a penalty of $5 would be imposed upon the contractor for each. laborer or mechanic for every calendar day in which such employee was required or permitted to labor more than 8 hours upon the work, and that all penalties thus imposed should be withheld for the use and benefit of- the United States.
The amount-sued for represents the total of- the penalties exacted by the defendant from moneys due the prime contractor which- was otherwise payable to plaintiff, under its subcontract. Plaintiff, admits that -it required and permitted the cement masons to work more than 8 hours in certain calendar days, for which penalties at the rate of *60 $5 a-day in the total amount of $1,080 were imposed and exacted by the defendant, but it contends that the penalties were erroneously imposed for the alleged reason that the circumstances under which the cement masons worked more than 8 hours a day brings the case within the second exception mentioned in par. (b) of art. 11 of the contract, i. e., “special and unusual circumstances when the limitations below are not advisable or practicable.” Plaintiff further contends that the case comes within one of the exceptions in sec. 326, Title ‘40, U. S. Code, on the ground that the violations were due to “extraordinary events or conditions of manufacture.” We are of opinion that these contentions cannot be sustained on the record.
Plaintiff was familiar with the regulations of the Cement Masons Union with reference to the hour on any day at which such masons would begin work. The evidence shows that plaintiff could have complied with the 8-hour provision of the contract, but that such compliance would have materially added to plaintiff’s' expense of performing the work called for by its contract with the prime contractor. In other words, plaintiff could not otherwise have performed as much work as it did had the masons worked only 8 hours. Hardships or inconveniences involved in the fulfillment of a contract will not relieve a party from compliance therewith. Columbus Railway, Power & Light Co. v. City of Columbus, Ohio, et al., 249 U. S. 399; Penn Bridge Co. et al. v. Kershaw County, 226 Fed. 728; Lewman et al. v. United States, 41 C. Cls. 470; Edwards v. United States, 80 C. Cls. 118. Performance of a contract is not excused by unusual or unexpected expense. Wickham & Burton Coal Co. v. Minnesota Coal Co., 7 Fed. (2d) 873; Farmers' Fertilizer Co. v. Lillie, 18 Fed. (2d) 197; Megan v. Updike Grain Corp., 94 Fed. (2d) 551. In United States v. Garbish, 222 U. S. 257, the court held that that which inheres in the nature of the work or is merely a requirement of business convenience or pecuniary advantage is not an emergency within the meaning of the exceptions to the statutory provisions as to hours of labor. See also Ellis v. United States, 206 U. S. 246.
*61 Art. 15 of the contract provided that ail labor issues arising under the contract which could not be'satisfactorily adjusted by the contracting officer should be submitted to the head of the department. This article further provided that, except as otherwise specifically provided in the contract, all other disputes.concerning questions arising thereunder should be decided by. the contracting officer, subject to appeal within 30 days to the head of the department concerned, whose decision should be final and conclusive upon the parties as to such questions. The contracting officer and the head of the department concerned held and decided upon the joint protest and appeal of the plaintiff and the prime contractor that, upon the facts, the plaintiff was not excused. from the imposition of the penalties under art. 11 of the contract. The evidence does not establish that these decisions were erroneous. Plaintiff is not entitled to recover and its petition is dismissed. It is so ordered.
GREEN, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.