JET CONSTRUCTION COMPANY, INC.

v.

The UNITED STATES.

No. 402-74.

United States Court of Claims.

March 17, 1976.

Eugene Drexler, New York City, atty. of record, for plaintiff.

Donnie Hoover, Washington, D. C., with whom was Asst. Atty. Gen. Rex E. Lee, Washington, D. C., for defendant.

Before COWEN, Chief Judge, DURFEE, Senior Judge, and KUNZIG, Judge.

DURFEE, Senior Judge:

In this contract suit plaintiff seeks Wunderlich Act (41 U.S.C. §§ 321, 322 (1970)) review of a decision of the General Services Administration Board of Contract Appeals (Board) denying its claim for additional compensation on a building renovation contract between plaintiff and the General Services Administration (GSA). The parties' respective motions for summary judgment brings the case before this court without challenge to the bulk of the underlying facts. As neither party contests the majority of the Board's factual determinations, as stated in its opinion, they will be restated here only in abbreviated form. A fuller factual picture appears in the Board's reported decision, *Jet Construction Co., Inc.,* GSBCA No. 3348, 74–1 BCA ¶ 10,560, affirmed on reconsideration, 74–1 BCA ¶ 10,-641. The Board decisions are affirmed for the reasons stated below.

In March 1970, plaintiff contracted with the GSA on a firm-fixed price basis to furnish and install air conditioning and lighting in an existing Government building in Trenton, New Jersey. Plaintiff subcontracted the air conditioning part of its contract to Hudik-Ross, Inc., on whose behalf it brings this appeal. The air conditioning part of plaintiff's contract called for the supply and installation of wall mounted packaged terminal air conditioning and heating units meeting specific contract requirements. The contract stated detailed mechanical, installation, performance and other specifications required of the units to be supplied under the contract without any designation as to a particular brand name or manufacturer. To insure that the supplied units complied with the stated contract specifications, defendant as part of the contract provisions, required plaintiff to submit a list of proposed materials for approval.

The parties' contract provided:

21–03. Approval of Material

a. Within 60 days after the receipt of notice to proceed, the contractor shall submit to the Architect a complete list, hereinafter called the "Materials List," showing for each item in Material Schedule set forth below the name of the manufacturer of the product that he proposes to use in the project. Consideration will not be given to partial lists submitted from time to time. The Architect will forward the above list with his recommendations to the Contracting Officer for final action.

Failing the contractor's compliance with the above contract provision, defendant reserved the right to select materials for use in the renovation work at no additional cost to the Government:

21–03. * * *

h. Should the Contractor fail to comply with any of the requirements of the preceding subparagraphs, i. e.:

1. Fail to submit the "Material List" in accordance with the above schedule to the Architect or the Public Buildings Service for approval within 60 days after the date of receipt of notice to proceed;

2. Fail to name items in accordance with Specification requirements and of the best quality and grade;

then the right is reserved by the Public Buildings Service to select any or all items in the above Material Schedule, which selection shall be final and binding upon the Contractor. The materials selected or approved, as the case may be, by the Public Buildings Service shall be used in the work at no additional cost to the Government.

Plaintiff received its notice to proceed on April 15, 1970 and on April 27, 1970, submitted data on "Climate Master" air conditioning units manufactured by Cool-Heat Corp. for approval. Defendant disapproved these units on May 5, 1970 because they failed to comply with the mechanical, installation, performance and other requirements of the contract. On June 3, 1970, plaintiff again submitted the Cool-Heat Corp. "Climate Master" units for defendant's approval and again on June 12, 1970

they were disapproved because, as defendant advised the contractor in a June 26, 1970 letter, of the number of unresolved deviations from plans and specifications. On June 30, 1970, defendant learned that plaintiff again intended to resubmit the twice-disapproved Cool-Heat Corp. "Climate Master" units and on that date advised plaintiff by telegram that this was unacceptable and directed plaintiff, under its contract Para. 21–03h reserved power, cited above, to furnish and install Remington or Nesbitt brand air conditioning units. Plaintiff furnished and installed the Remington units under protest and pursued this claim for the additional cost of those units over plaintiff's proposed and thrice-rejected Cool-Heat units.

After the Contracting Officer's denial of plaintiff's claim, the Board, on timely appeal, found that plaintiff's submitted units did not conform to the contract specifications; that defendant properly and neither arbitrarily nor capriciously exercised its contractual rights under contract para. 21–03h; and that defendant's contract specifications did not restrict plaintiff to a sole source for the units. Plaintiff moved for reconsideration of this latter Board finding which, on reconsideration, the Board affirmed. 74–1 BCA ¶ 10,641.

■ Plaintiff's four-page petition and five-page brief in support of its summary judgment motion in this case amounts to no more than a general declaration of protest and does not rise to the pointed specification of Board error required of a party seeking to overturn a Board decision. In a Wunderlich Act review case the " * * * plaintiff has the burden to specify the facts and circumstances contained in the Board's record, which make the Board's decision lacking in substantial evidence. *Volentine & Littleton v. United States*, 136 Ct.Cl. 638, 643, 145 F.Supp. 952, 954 (1956); *River Constr. Corp. v. United States*, 159 Ct.Cl. 254, 269 (1962). * * *". *Jefferson Constr. Co. v. United States*, 177 Ct.Cl. 581, 589, 368 F.2d 247, 252 (1966). Plaintiff, in this case, has done little more than place the Board record before the court, and chal-

lenged the court to find error in the record rather than properly taking up the challenge itself of establishing factual or legal error in the Board's decision. " * * * It is not the court's function to supply this deficiency by an independent excursion along the administrative trail. * * *." *Sundstrand Turbo v. United States*, 182 Ct.Cl. 31, 60, 389 F.2d 406, 423 (1968).

More deadening to plaintiff's claim than its own failure to specifically demonstrate Board error is defendant's mustering of evidence from the Board record augmented with authoritatively supported legal arguments in defendant's brief in support of the Board decision. Defendant's effort convincingly demonstrates the error-free validity of the Board's decision to which plaintiff elected not to respond.

In its petition, plaintiff succinctly asserts its contentions of error in the Board's decision:

> 5. Plaintiff contends that the Board erred in denying the Appeal when it failed to find: (i) that Plaintiff offered a product which *in effect* met the requirements of the Specifications; (ii) that Plaintiff was improperly subjected to pre-qualification testing; (iii) that the specifications as *administered by* Defendant resulted in a proprietary or sole-source air-conditioning unit; and (iv) that since the specifications gave no indication that the air-conditioning units were experimental or developmental nor did it list suggested sources it thereby so prejudiced Plaintiff in establishing a bid price that it gave rise to a compensable claim.

Some of these contentions, forthrightly stated in plaintiff's petition, appear in its narrative brief attacking the Board's decision submerged in somewhat less readily identifiable form. Matching the error contentions in plaintiff's petition with the corresponding supportive arguments supplied in its brief, forces the conclusion that plaintiff has demonstratively failed to show Wunderlich Act error in the Board's decision and requires affirmance of the decision.

Plaintiff restates its first petition contention that its offered units in effect met the requirements of the contract in paragraph-3 of its brief attacking the Board for failing to consider that plaintiff did offer a unit that equaled the contract specification. Plaintiff does not point out what record evidence supports this assertion. Nor does plaintiff explain why the Board's affirmative finding that plaintiff's units did not conform to the contract specifications, 74–1 BCA ¶ 10,560, p. 50,020, is unsupported by substantial evidence.

In reaching its decision the Board had before it the direct testimony of a GSA Supervisory Mechanical Engineer, with over forty years' experience, that plaintiff's proposed units did not meet or equal either the contract specifications or standard of quality. Additionally, before the Board were two letters from defendant's private professional Architect/Engineer to plaintiff, detailing numerous deficiencies between plaintiff's proposed units and the specification requirements, both of which specifically concluded that plaintiff's proposed units did not meet the contract specifications.

This evidence, unrefuted, unrebutted and unexplained by plaintiff amply supports the Board's finding that plaintiff's proposed units did not meet the contract specifications and clearly negates plaintiff's mere assertion to the contrary. *River Constr. Corp. v. United States*, 159 Ct.Cl. 254 (1962).

In its brief, plaintiff makes no argument and cites no authority in support of its second petition contention. Nor does plaintiff explain how or why, even accepting its contention, it is entitled to recovery thereon. Plaintiff, having elected to abandon this argument, the court does likewise, perceiving it to be inherently meritless.

As plaintiff's third petition contention of Board error, it asserts that the Board failed to find that defendant administered the contract specifications to effectively limit plaintiff's choice of air conditioning suppliers to Remington alone. This assertion is reiterated in paragraph -4 of plaintiff's

brief as "Plaintiff further proved that the manner in which Defendant administered the procurement created *in effect* a sole source locked-in item to Remington. * *."

■ Plaintiff, in its brief, cites to no record evidence to support this assertion. Moreover, its assertion that the Board failed to find that defendant's administration of the contract specifications resulted in sole source locked-in procurement to a Remington manufactured unit stands in stark contrast to the Board's affirmative finding on this issue. The Board, in its original decision, considered the testimony of the Government's contract specifications draftsman denying that the specifications were restrictive to a Remington manufactured unit alone, and the fact that in exercising its material selection power under contract para. 21–03h, cited above, defendant directed plaintiff to use equipment supplied by one of two different manufacturers capable of meeting the contract specifications. On this evidence the Board specifically concluded: " * * * We therefore find that the specifications did not restrict [plaintiff] to a sole source for the units." 74–1 BCA ¶ 10,560, p. 50,019. On reconsideration of this issue the Board affirmed its earlier conclusion, holding: " * * * In short, [plaintiff] failed to show that the units specified by the Government were proprietary in nature and in this posture this case cannot be considered within the ambit of the *Elrich* case." 74–1 BCA ¶ 10,-641, p. 50,523. Plaintiff does not directly attack either of these findings or their underlying evidentiary basis. Rather, it merely asserts, without citation to any record evidence, that it proved to the contrary. As noted above, general declarations of protest and unsupported assertions of error do not demonstrate actual Board error. *River Constr. Corp. v. United States, supra; Jefferson Constr. Co. v. United States, supra; Sundstrand Turbo v. United States, supra.*

■ The Board's reliance on the testimony of the contract's specification draftsman, defendant's telegram that directed plaintiff to install one of two different manufacturer's units plus the Board's finding that three different manufacturers produced units capable of meeting the contract specifications, substantially supports the Board's finding that the contract specifications were not restricted to a single manufacturer's units, and persuasively refutes plaintiff's unadorned assertion to the contrary.

Plaintiff urges reliance on *Elrich Constr. Co.,* GSBCA No. 3657, 73–2 BCA ¶ 10,187, as providing a legal basis for recovery in this case. Unsuccessful with this argument before the Board, plaintiff, without any factual or legal analysis of the applicability of the *Elrich* decision to the instant case or discussion as to the alleged Board error in rejecting plaintiff's *Elrich* argument, again merely asserts the applicability of that Board decision as a basis for recovery. In *Elrich,* the Board granted relief to a contractor because the contract specifications, unknown to either party, called for supply of a patented item obtainable from only one source. The Board findings in the present case, substantially supported by the record evidence, demonstrate that the specified units were not the proprietary product of a single manufacturer, and were available from three different suppliers.

The marked factual differences between the *Elrich* case and the instant case support the Board's legal determination as to the inapplicability of the former case to the present one, and vitiates plaintiff's *Elrich* argument as a basis for recovery herein.

Plaintiff's last petition contention appears in a reconstituted form in paragraph –1 of its brief, and essentially asserts that defendant's failure to advise plaintiff that the contract specified units were unique items rather than standard shelf items, as plaintiff admits it assumed, gives rise to a compensable claim.

■ The fact that contract specifications, clear, reasonable possible, complete and competitive call for a unique or specialty item rather than a shelf item imposes no duty on defendant to either affirmatively disclose the novelty of the item or entitles plaintiff to additional compensation for any

difficulty or unanticipated expense incurred in meeting the contract specifications. *Industrial Engineering Co. v. United States*, 92 Ct.Cl. 54 (1940); *Rolin v. United States*, 142 Ct.Cl. 73, 160 F.Supp. 264 (1958); *Remler Co. v. United States*, 179 Ct.Cl. 459, *cert. denied*, 389 U.S. 840, 88 S.Ct. 66, 19 L.Ed.2d 102 (1967); *WRB Corp. v. United States*, 183 Ct.Cl. 409 (1968). In undertaking a contract, the contractor promises to perform according to the contract specifications, and the Government has the right to insist on contractor performance in compliance with them. *Farwell Co. v. United States*, 137 Ct.Cl. 832, 148 F.Supp. 947 (1957); *H.L.C. & Associates Constr. Co. v. United States*, 176 Ct.Cl. 285, 367 F.2d 586 (1966); *Maxwell Dynamometer Co. v. United States*, 181 Ct.Cl. 607, 386 F.2d 855 (1967); *S.S. Silberblatt, Inc. v. United States*, 193 Ct.Cl. 269, 433 F.2d 1314 (1970).

Plaintiff's above contention lacks both factual foundation and legal support, and fails to state recognizable Board error.

■ In the final analysis, the Board's finding that plaintiff failed to propose a unit meeting the contract specifications, is sustained as supported by substantial evidence. Likewise, the Board's legal determination that defendant properly exercised its contractual power, under para. 21–03h, in directing plaintiff to furnish and install one of two different manufacturer's units is affirmed. On review of the Board record, the court concludes that all of plaintiff's objections to the Board's decision are either factually unsupported and/or legally meritless, and that plaintiff is not entitled to recovery in this action.

Defendant's cross-motion for summary judgment is granted. Plaintiff's summary judgment motion is denied, and its petition dismissed.